Fairfield,
June,
1822.

SMITH *against* SHERWOOD.

Smith
*v.*
Sherwood.

To constitute an estoppel by a former judgment, the precise point which is to create the estoppel, must have been put in issue, and decided ; and this must appear from the record alone.

A former judgment for the defendant, in an action of disseisin, on the issue of *no wrong and disseisen,* is not an estoppel of the plaintiff's title ; as such judgment may have been rendered, on the ground that the defendant had not been in possession, or had possessed by licence from the plaintiff, or on some other ground, not involving the question of title.

This was an action of ejectment for a piece of land in *Weston,* alleging a disseisin, on the 31st of *January,* 1820.

The defendant pleaded two pleas. The first alleged the title of the land in fee-simple to have been in the defendant. The second set up an estoppel. It was, substantially, as follows. On the 10th of *February,* 1815, *Daniel Salmon* commenced an action of ejectment against *Elijah Seeley, Ezra Seeley* and the defendant, for the land in question ; to which the defendants pleaded *no wrong* nor *disseisin.* On this issue the cause was tried in the superior court, in *Fairfield* county, *December* term, 1815 ; and a verdict was given for the defendant, on which judgment was rendered. It was admitted, on the trial, by the defendants, that they possessed the premises, and held *Salmon* out therefrom, as he in his declaration had alleged ; but the defence proceeded wholly on the ground, that *Ezra* and *Elijah Seeley* owned the land in fee-simple, *Salmon* having no right or title thereto, and that the present defendant held under them, as their tenant. The *Seeleys* derived their title to the premises, by virtue of a deed executed to them, on the 5th of *July,* 1809, by *Stephen Sherwood. Salmon* admitted, that *Sherwood,* at the time he executed this deed, was well seised of the premises in fee-simple ; but contended, that it was fraudulent and void, as against his creditors, and against *Salmon,* as one of them. In support of this claim, *Salmon* shewed, that he recovered a judgment against *Sherwood,* before the superior court, held at *Danbury,* on the 4th *Tuesday* of *September,* 1814, for 7,782 dollars, 81 cents ; and that an execution, issued on this judgment, was, on the 18th of the same month, levied on the premises, which were set off to him. The only question, therefore, which was agitated by the parties, and by them submitted to the jury, was, whether the title of the *Seeleys,* by virtue of their deed from *Sherwood,* was valid against *Salmon's* title, by virtue of his execution against

*Sherwood.* On the 3rd of *February,* 1819, the *Seeleys* conveyed the premises to the present defendant in fee-simple. In *November,* 1819, the present plaintiff recovered judgment against *Salmon,* for 537 dollars, 48 cents; and an execution, issued thereon, was, on the 8th of *December,* 1819, levied on the premises, as the property of *Salmon;* and under colour of title, so derived, the plaintiff entered on the premises. On the 31st of *January,* 1820, the time mentioned in the declaration, the defendant, by virtue of his title, by deed from the *Seeleys,* entered, and peaceably ejected the plaintiff from the premises, which he has ever since held. The defendant concluded his plea thus: " Now, the defendant saith, that the title by him acquired, by his deed from said *Seeleys,* is the same title of said *Seeleys,* so tried and decided as aforesaid, by said jury; and that the plaintiff hath no title to the demanded premises, but by virtue of said execution against said *Salmon,* which is the same pretended title of said *Salmon* so as aforesaid tried by said jury; and that by law the plaintiff is and ought to be estopped from denying the said title of said *Ezra* and *Elijah Seeley,* so acquired by the defendant as aforesaid, and from setting up the said pretended title of said *Salmon.*"

The first plea the defendant objected to receive, on the ground that it amounted to the general issue; to the second plea there was a demurrer; and the case was reserved for the advice of all the judges.

*Daggett* and *N. Smith,* for the plaintiff, contended, 1. That the first plea was unavailing; the defendant not being permitted to plead title in himself; for this is only denying, in effect, the title of the plaintiff, and amounts to the general issue. 1 *Swift's Dig.* 650.

2. That the matter stated in the second plea, is not an *estoppel,* because the facts relied on do not legally appear to have been put in issue. This, if any estoppel, is one that arises by matter of record. *Co. Litt.* 352. *a. b.* To be effectual, the precise matter, which creates the estoppel, must appear from the record to have been in issue, and to have been decided. *Com. Dig. tit.* Estoppel A. *Phill. Evid.* 226. *Swift's Evid.* 21. 2 *Esp. Dig.* 423. (*Gould's* ed.) It is not the recovery, but *the matter alleged by the party,* and upon which the recovery proceeds, that creates the estoppel. *Outram* v. *Morewood,* 3 *East* 355. But in this case, the matter relied upon to create the estoppel, is *dehors* the record,

*Fairfield,*
*June,*
*1822.*

*Smith*
*v.*
*Sherwood.*

It is averred in the defendant's plea as a fact, which may be traversed; but an estoppel by matter of record, is not traversable.

3. That the matter relied upon, as a defence, is not a *bar,* because it is not pleaded as a bar, but as an estoppel. This is apparent from inspection of the plea.

4. That this matter is neither an estoppel, nor a bar, nor is it admissible evidence, because it is not between the same parties, or privies. First, the plaintiff was, obviously, not a party to the former suit. Secondly, he is not a privy. He is not within either of the four classes of privities, specified by Lord *Coke. Beverley's* case, 4 *Co. Rep.* 123. *b.* 124. *a. Co. Litt.* 352. *a.* Between him and *Salmon* there is clearly no privity in blood, in representation, or in tenure. Is there any in estate? The plaintiff has levied his execution upon the land of *Salmon,* and come in, not as his feoffee or lessee, but *in invitum.* He can maintain no action on the covenants to *Salmon,* or any prior covenants derived through him. There is, indeed, no relation subsisting between them. Thirdly, the judgment pleaded could not be given in evidence against the plaintiff, as well because it does not appear from the record that the point which it is relied upon to establish, was in issue, as because the judgment was *res inter alios acta. Peake's Evid.* 34. 36. *Swift's Evid.* 18. *Ryer* v. *Atwater* & al. 4 *Day* 431. *Church* v. *Leavenworth,* 4 *Day* 274. *Manny* v. *Harris,* 2 *Johns. Rep.* 24. 30. *Sturges* v. *Beach,* 1 *Conn. Rep.* 507. *Cowles* v. *Harts* & al. 3 *Conn. Rep.* 516.

5. That this case is, in no sense, within the rule, that a feoffee or lessee is estopped to deny the title of his feoffor or lessor. The plea attempts to estop the plaintiff from denying the title of the *Seeleys.* But he does not hold under them. His feoffor, if any one, is *Salmon;* whose title he affirms.

*Sherwood* and *Sherman,* for the defendant, abandoning the first plea, contended, 1. That the judgment pleaded in the second plea, is an estoppel as to the title of *Salmon.*

In the first place, to make a former judgment an estoppel, the *cause of action* need not be the same; but it is sufficient, if the same *right* was in issue, and was decided. An estoppel exists where a right has been tried in such a manner, that it cannot be tried again. To constitute a bar, the judgment

pleaded must be in an action for the same matter, cause and thing. If in an action of disseisin, brought by *A.* against *B.*, judgment should be against *A.*, and he should afterwards bring another suit, counting on the same disseisen, *B.* might plead the former judgment in bar; but if the latter suit were brought for another dissesin—a distinct ouster—*B.* could not plead the former judgment in bar, but the right being decided, he might plead it, by way of estoppel.

Secondly, whatever is necessary to identify the issue, and to shew, that the right in question has been decided, may be proved by parol evidence. There is not a case of estoppel by judgment, in which it is not necessary to aver matter, which does not appear on the record. A judgment estops, because it decides rights; a verdict, because it finds facts. In this case, the defendant avails himself, not of the verdict, but of the judgment. The issue in that suit involved the title. It decided who owned the land. The defendant may now shew what ground the jury went on, within the issue, and, consequently, what was decided. *Anon.* 3 *Leon.* 194. S. C. cited in *Outram* v. *Morewood,* 3 *East* 354. Sir *Frederick Evelyn* v. *Haynes,* cited also in *Outram* v. *Morewood,* 3 *East* 365. *Seddon* v. *Tutop,* 6 *Term Rep.* 607. S. C. at *Nisi Prius,* 1 *Esp. Rep.* 401. *Kitchen* v. *Campbell,* 3 *Wils.* 304. S. C. 2 *Bla. Rep.* 827.

2. That the plaintiff, as privy in estate to *Salmon,* is estopped, by the matter pleaded, to claim title from him. Any one who takes the land of another, is privy in estate to him. If it should be conceded, that the covenants of *Salmon's* grantor do not extend to the plaintiff; this would not prove, that the plaintiff, if he has any title, is not privy to *Salmon.* The covenants are with the grantee, his *heirs* and *assigns*— terms not applicable to the plaintiff. But an estoppel, operating upon the title of land, always *runs with the land.* If *A.*, while he is the owner of land, may take an advantage of an estoppel relating to it, *B.*, who takes that land from *A.*, by whatever mode the transfer of title may have been effected, is entitled to the same advantage. *Trevivan* v. *Lawrence & al.* 1 *Salk.* 276. *Palmer* v. *Ekins,* 2 *Stra.* 818.

Hosmer, Ch. J. It has been contended, that the plaintiff must be considered as *privy* to *Salmon;* but as this point becomes immaterial in the present case, I shall not discuss it.

The defendant pleads, that by law, the plaintiff is estopped from denying the title of *Ezra* and *Elijah Seeley*, which they acquired by deed from *Stephen Sherwood*, and under which he claims; and from setting up the title of *Daniel Salmon*.

The following are the facts contained in the defendant's plea, so far as it is necessary to state them.

The land in question, formerly was the property of *Stephen Sherwood*; and as early as the 5th of *July*, 1809, he gave a deed of it to *Ezra* and *Elijah Seeley*. In *September*, 1814, *Daniel Salmon* levied an execution upon the land, which issued on a judgment rendered against *Stephen Sherwood*; and in *December*, 1819, the plaintiff had the premises set off to him, on his execution against *Salmon*. The above named *Ezra* and *Elijah Seeley* in *January*, 1819, conveyed the land in question to the defendant. In the year 1815, *Salmon* brought an action of ejectment against the said *Seeleys* and the defendant, claiming the premises; and under the plea of *no wrong and disseisin*, the jury found the issue in favour of the defendants, and judgment was rendered accordingly.

Pausing here, for the present, it is too clear for controversey, that the preceding verdict and judgment, on the facts aforesaid, are neither a bar to the plaintiff's claim, nor pleadable by way of estoppel. The plaintiff's action is founded on a disseisin, many years subsequent to the aforesaid judgment; and of consequence, the judgment can be no bar, as it was not for the same matter, cause and thing; neither can the record be an estoppel to the plaintiff's demand, as the ground of determination does not appear. The defendants, it was found, did not disseise *Salmon*; and the verdict may have been rendered upon the fact, that they had not been in possession of the premises; or that they had possessed by licence from the plaintiff; or for other reasons, which never involved the validity of his title. It is impossible to say, upon the inspection of the record only, that the title of *Salmon* was ever drawn in question. The estoppel, if there be one, must be founded on the *averment* of the defendant in his plea, that the title of *Salmon* was the only subject of determination. This raises a novel question, of which no trace is to be found in the books, and has given birth to the enquiry, Whether an estoppel may be created, by *parol evidence*, helping out the record.

I have already intimated, what again I repeat, that the attempt of the defendant is a perfect novelty, not countenan-

ced, so far as I have knowledge, by a single determination.

*Fairfield,*
June,
1822.

Smith
*v.*
Sherwood.

An estoppel is a plea not favoured in law, because it precludes an enquiry into the truth; and for this reason, it requires a technical accuracy, which is not liable to the most subtle and scrupulous objection. *Dovarton* v. *Payne*, 2 *Hen. Black.* 530. The *King* v. *Lyme Regis, Doug.* 159. *Com. Dig. tit.* Estoppel. *E.* 4. *Co. Litt.* 352. *b.* A person may conclude himself, or become estopped, by his own act or acceptance, which is not this case; or by a record, which demonstrates the truth on its face; and the ground of it is, that, " 'tis reasonable, that some evidence should be allowed to be of as high a nature, as to admit of no contradictory proof." 3 *Co. Litt. Butler's* note 306. For the same reason, a person is estopped, by a writing; as if a condition in a bond recites, that there are divers suits in *B. R.*, the obligor has precluded himself from saying, that there are no suits there. *Willoughby* v. *Brook, Cro. Eliz.* 756. 4 *Com. Dig. tit.* Estoppel. *A.* 2. But if the writing is defective, in any particular, it cannot be supplied by parol proof; (*Parkhurst* v. *Van Cortlandt,* 1 *Johns. Ch. Rep.* 281.) much less, would the parol evidence, if it were admissible, be conclusive.

There is no doubt, that letters patent, fines and recoveries, deeds enrolled, and other records, create an estoppel; and for this incontrovertible reason, that the matter working the estoppel, appears upon the face of them. It is equally indisputable, that every fact, which the record in a suit demonstrates with incontestible certainty, if it be aptly pleaded, by the party who has right to avail himself of it, is absolutely conclusive. But, the record must evince the fact beyond contradiction.

The question before the court, is clearly settled, by the case of *Outram* v. *Morewood,* 3 *East,* 346. The principle there recognized, and established, was this; that if a verdict find any fact or title distinctly put in issue, in an action of trespass, such verdict may be pleaded, by way of estoppel, in another action between the same parties, or their privies, in respect of the same fact or title. The opinion of the learned and able judge, in the case just cited, declares, in opposition to what had been contended for, by the defendant, that there is no difference in relation to an estoppel, between an action of trespass and an action of higher degree. " A recovery in any one suit upon issue joined on matter of title, is equally conclusive upon the subject matter of such title. (*p.* 354.)

Smith
*v.*
Sherwood.

The reason is both obvious and indisputable. " It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel." (*p. 355.*) " The recovery, of itself, in an action of trespass [and likewise in an action of disseisin] is only a bar to the future recovery of damages for the same injury; but the estoppel precludes parties and privies from contending to the contrary of that point, or matter of fact, which having once been distinctly put in issue by them, or by those to whom they are privy in estate or law, has been, on such issue joined, *solemnly found against them.*"

To constitute an estoppel, the issue must be taken on a precise point; and this point, necessarily, will be found, one way or the other, by the verdict. The question whether a person is precluded from again litigating a point or fact, resolves itself into an enquiry concerning " the effect of a precise allegation, made in pleading on record, and tried and found between the parties." If there be such an allegation, upon which isues has been taken and found, it conclusively estops further controversy, on the point established. In the case of Sir *Frederick Evelyn* v. *Haynes*, which was a second action for obstructing a water-course, tried before Lord *Mansfield*, upon a plea of *not guilty*, and where a verdict for the plaintiff in another action brought against the defendant for another obstruction to the same water-course, was given in evidence, that learned judge held, and very properly, said Lord *Ellenborough*, (3 *East* 365.) that the plaintiff had not obtained such a determination of right, by the former verdict, as the law considers conclusive. It could not be pleaded, by way of estoppel; no issue having been taken on any precise point.

Undoubtedly, in the action of *Salmon* against the *Seeleys* and the defendant, it might have been proved to the jury, that the plaintiff had no title; but this possibility is of no consequence. It devolves on the defendant to shew, that they actually did find this point; and this can alone be proved by the record. In *Sintzenick* v. *Lucas*, 1 *Esp. Rep.* 43. it was decided, by Lord *Kenyon*, that " in order to make a record evidence, to conclude any matter, it should appear, that that matter was in issue; *which should appear from the record itself;* nor should evidence be admitted, that under such a record, any particular matter came in question." The same point was explicitly determined, in *Manny* v. *Harris*, 2 *Johns.*

*Rep.* 24. ; and in *Church* v. *Leavenworth*, 4 *Day* 274. before this court, there was a decision precisely to the same effect. " To make a verdict evidence, (said *Swift*, J.) it must appear *from the record*, that the same point was directly in issue between the parties in the former case, and was found by the jury." And by *Baldwin*, J., it was said, " To make a record conclusive, or even admissible evidence, it must appear *from the record* offered, that the fact now in issue was, by the former trial, directly decided." The case of *Kitchen* & al. **v.** *Campbell*, 3 *Wils.* 304. cited by the defendant, with others decisive of the same question, (*Rice* v. *King*, 7 *Johns. Rep.* 20. *Johnson* v. *Smith*, 8 *Johns. Rep.* 383.) have no bearing on the point under discussion. They proceed on this just and necessary principle; that you shall not bring the *same cause of action* twice to a final determination; and for the purpose of showing that the records relate to the same subject matter, that you may adduce evidence. The question here is, not *what does the record prove*, but *to what did it refer ;* and if this enquiry were not permitted, no recovery would be conclusive, unless the declaration contained, what is barely possible, an infallible description of the thing in controversy.

I conclude, that so far from there being an estoppel, arising from the facts contained in the defendant's plea, the record relied upon is clearly inadmissible in evidence ; as it does not prove the point, for which recurrence has been had to it.

The defendant is bound to establish the proposition, if he would support his plea, that parol evidence may not be contradicted ; for disguise it as we may, this is the bald and naked principle involved in the defence. The record proves nothing ; and unless the averment, sustainable alone by parol testimony, has the preclusive effect of an estoppel, what is the defendant's case ?

BRAINARD, J. was of the same opinion.

BRISTOL, J. The sufficiency of the plea, depends on two questions. Would the facts stated estop *Salmon* from maintaining another action of disseisin for the same land ? And if so, is the plaintiff who has taken the interest of *Salmon*, by the levy of an execution, bound by that estoppel ?

The action of disseisin (called indiscriminately disseisin or ejectment) is the only real action known to our laws. Wheth-

*Fairfield,*
*June,*
1822.

Smith
*v.*
Sherwood.

*Fairfield,
June,
1822.*

Smith
*v.*
Sherwood.

er the plaintiff declares upon a *seisin in fee*, or any lesser estate, it is the only remedy for settling the title to real property. This is probably the first time that a doubt has been intimated as to the *nature* of this action; and of its being adapted to the great business of terminating disputes concerning the *title to land*.

Unless a previous judgment in the action of ejectment, where the plaintiff declares upon a *seisin in fee*, operates by way of estoppel, to conclude the title, it appears obvious that such judgment can have the same effect in no other way. The same objections which are made to the estoppel, would be equally applicable and equally fatal, should the verdict or judgment be used as *evidence* of title; for a verdict that the defendant had done no wrong and disseisin, and a judgment pursuant to such verdict, might proceed on the ground that no *ouster* was committed, and not on the ground of want of title; and consequently, when such verdict or judgment was offered in evidence, the objection that by the record it did not appear that the title was decided, would be as strong as it now is. Nor could a judgment in ejectment be pleaded in bar; for the ouster, which is the foundation of the second action, would be distinct from the first, and the judgment would not appear to be for the same matter, cause and thing: so that, unless the judgment pleaded, operates by way of estoppel to preclude a *reexamination* of the title, it can have no effect whatever on the title to the land.

It is obvious, that the judgment in any action real or personal, can conclude nothing more than the subject of that action: and it is equally obvious, that it does preclude the parties, and of course privies, from again contesting the same subject matter in another suit. If, however, in an action of trespass, which is founded on an injury to the possession, an issue should be formed on the title to the land itself, the finding of the jury on the title thus put in issue, is conclusive relative to that title, in any other action of trespass which may be brought. (*Outram* v. *Morewood*, 3 *East*, 346.) And in this state, if an action is brought before a justice of the peace for a trespass committed on lands, and the defendant pleads title, and the cause is removed, and issue joined on such title, which is found against him; if the plaintiff should bring another action of trespass, the defendant would be estopped from setting up title in himself, by the former judgment. *Swift's Ev.* 22.

These principles, contained in the case of *Outram* v. *Morewood,* instead of contradicting the doctrine that a judgment in the action of disseisin settles the title between the contending parties, rather confirm and extend that doctrine. For if a title pleaded in an action of trespass, (an action founded only on possesssion) and found against the defendant, will estop the defendant from pleading his title in another action of trespass brought for a distinct and subsequent injury, *a fortiori* will a judgment in the action of disseisin, where the title is put in issue by the declaration asserting a title, and by the plea which denies it, most assuredly conclude the title, and bind all parties and privies to the judgment.

The effect of judgments is explicitly stated by Lord *Ellenborough,* in the case of *Outram* v. *Morewood.* He is commenting on the observations of Lord *Coke,* in the resolutions in *Fenner's* case, (6 *Reports* 7.) where he laments " that with respect to the *possession* of land, there are oftentimes divers verdicts on the one side, and divers on the other, and yet the plaintiff and defendant can come to no finite end, nor can hold the possession in quiet, though it be often tried, and adjudged for either party." He refutes this complaint, by shewing, that every judgment in every action is conclusive with respect to the *subject matter* of that action. The action of trespass, for instance, is founded on an injury to the possession ; and the judgment either affirms a right of possession, and settles the damages to which the plaintiff is entitled, or denies that an injury has been committed ; but it concludes nothing more, unless a title is pleaded and found by the jury, in which case, by means of such special matter, the title to the land may be finally settled. The judgment follows the nature of the right claimed, and is conclusive on such right, whether the action be real or personal. After mentioning the different species of actions touching lands and chattels real, from the *ejectione firmae* to the writ of right, he concludes : " A judgment, therefore, in each species of action, is final only for its own proper purpose and object, and no further. The judgment in trespass affirms a right of possession to lie, as between the plaintiff and defendant, in the plaintiff, at the time of the trespass committed. In the real action, it affirms a right to the freehold of the land, to be in the demandant, at the time of the writ brought. Each species of judgment, from one in an action of trespass to one upon a writ of right, is equally conclusive upon its own subject mat-

ter, by way of bar to future litigation for the thing thereby decided.    Only the matter of the one judgment is, in its nature, and according to its class and degree in the order of actions, more conclusive upon the general right of property in the land, than the other.    What, therefore, Lord *Coke* says, that in personal actions concerning debts, goods and effects, by way of distinction from other actions, a recovery in one action is a bar to another, is not true of personal actions alone ; but is equally and universally true as to all actions whatsoever, *quoad* their subject matter."

I have much mistaken the doctrine contained in the case of *Outram* v. *Morewood,* if it does not prove, that the judgment pleaded estops *Salmon* from reasserting his claim to the land, or trying that title in another action.    Let it be tested by the undoubted principles of that case.    The plaintiff, *Salmon,* in the record pleaded, *alleged,* that he was *seised in fee* of the land in question, and that *Sherwood disseised* him.    The defendant pleaded the general issue.    Now, was not the title directly in issue between the parties ; being affirmed by the plaintiff ; and this affirmation denied by the defendant ?  Suppose judgment had been rendered for the plaintiff, to recover the land, upon a verdict that the defendant had done wrong and disseisin ; could the defendant, just turned out of possession by execution, without any new title, bring another action of ejectment against the former plaintiff, and again try the title ?    Should the last jury differ from the first, and decide, that he had title, he would again go into possession ; and the parties, after two law suits, arrive at the point from which they first started ; and with the consolation that the same game might be continued without end.    Most certainly, the defendant in an action of disseisin must be permitted to bring a new action, and try the title again, notwithstanding a prior recovery in ejectment against him, provided the plaintiff, in case judgment is rendered aginst *him,* can be permitted to bring a new action for the same land : for the judgment must bind both, or it can bind neither.    It is obvious, then, that had *Salmon* recovered in the former suit, the judgment would have concluded the defendant's title, as that title was put in issue directly, and found against him : and it would seem an obvious dictate of justice, as well as law, that the judgment being in *favour* of the defendant, should be equally conclusive in his favour.

It has been said, that, as a failure to prove an ouster would have warranted the same verdict that the defendant had done no wrong or disseisin, notwithstanding *Salmon* had good title, the court cannot pronounce on the record, that his title has been decided. The plaintiff is not permitted, in my opinion, to alledge this, as a reason for defeating the effect of that judgment upon the title. *Salmon* has *alleged*, that he was ousted, by the defendants in that action. The verdict and judgment do not negative that averment; but are consistent with it. The averment, therefore, stands, and is consistent with the verdict. If, then, the defendant ousted *Salmon*, and yet did no wrong, &c., the conclusion from the record is irresistible, that *Salmon* had no title. If it be objected, that thus a man may lose a title, without its being tried, as the plaintiff may fail, because he fails to prove an ouster, not because he had no title, I readily admit the conclusion. But if he fails to prove an ouster, why not withdraw his suit? It may be said, in book debt, or *assumpsit*, that the plaintiff failed because his evidence was excluded, or that by some other misfortune his cause was not tried on the merits. But if he hazards a verdict, ought he not to be bound by all that appears upon the record?

Again: The defendant has averred, that on trial of the cause in favour of *Salmon*, the ouster was proved and admitted by the defendant, and consequently the judgment and verdict proceeded on the ground that *Salmon* had no title.

The only question, therefore, is, whether such averments are admissible? These averments are consistent with the record. They do not contradict it. The title was undoubtedly in issue, by the declaration and plea: and the only effect of the averment, is, to shew, what is consistent with the record, that the verdict was found in favour of the defendants, because *Salmon* had no title. To permit such averments, seems indispensable to attain the purposes of justice; and they have frequently been admitted in similar cases. *Hitchin* v. *Campbell,* 2 *Black. Rep.* 827. *Seddon* v. *Tutop,* 6 *Term Rep.* 607. *Ravee* v. *Farmer,* 4 *Term Rep.* 146.

Numerous cases in our sister states recognize the necessity and propriety of shewing, by averments, any thing not contradictory to the record, where the question is, whether a former judgment bars a subsequent suit.

The remaining inquiry is, whether the estoppel, supposing it exists, binds the present plaintiff, who took *Salmon's* in-

*Fairfield,*
*June,*
*1822.*

Smith
*v.*
Sherwood.

terest in the land, by the levy of an execution, after the determination of the suit in question? If *Salmon* would be estopped, that estoppel runs with the land, and binds the plaintiff in this action. A verdict or judgment in a former cause binds not only the parties, but privies in blood, privies in estate and privies in law. *Phil. Ev.* 226. The creditor, who takes the estate of a debtor in execution, claims under that debtor, as much as though he had taken his deed. He must claim under the debtor; and, except in cases of fraud, takes the same estate. As the opinion of a majority of the court proceeds on the ground that *Salmon* himself would not be estopped from maintaining another action for the same land, I deem it unnecessary to be more particular on this point, especially as I have not discovered any difference of opinion in the court, on the point now under consideration. The plea, in my opinion, is sufficient.

PETERS, J. was of the same opinion.

CHAPMAN, J. being interested in the event of the cause, gave no opinion.

Plea insufficient.