## BRADFORD *against* BRADFORD.

A judgment in ejectment by default, has the same effect as a judgment upon a verdict.

In a *scire-facias* brought to obtain an execution on a former judgment in ejectment, it is incompetent for the defendant to controvert the title determined by such judgment.

A former judgment in ejectment against a tenant in possession, creates no estoppel to a title since acquired, by him, from one, who was not party or privy to such judgment.

A former judgment in an action of ejectment, wherein the plaintiff declared merely, that he was " well seised and possessed of the premises," will not estop the defendant in that action, from setting up, in another action, a title in fee.

A former judgment in ejectment by default, in favour of the plaintiff, creates no estoppel to the defendant's title ; because if the defendant had pleaded the general issue, and there had been a verdict for him, it would have created no estoppel to the plaintiff's title ; and it is an indispensible requisite of an estoppel, that it be reciprocal.

*New-London,*
July,
1823.

Bradford
*v.*
Bradford.

This was an action of ejectment or disseisin, for a tract of land, called the *Adgate* farm; tried, on the general issue, at *Norwich, January* term, 1823, before *Brainard,* J.

The defendant, after giving due notice, adduced in evidence the following documents. 1. The record of a declaration and judgment in an action of disseisin, brought by *Jesse Brown* against the present plaintiff, on the 29th of *May,* 1811, for the demanded premises, wherein the plaintiff declared, that on the 28th of *May,* 1811, he became well seised and possessed of the premises, when the defendant unlawfully entered and ejected him therefrom, &c. At the term of the county court, in *June,* 1811, judgment was rendered, by default, for the plaintiff to recover the seisin and possession of the demanded premises, with damages and costs. 2. The record of the declaration, pleadings and judgment in a *scire-facias,* brought, on the 20th of *November,* 1820, by *Jesse H. Brown* and others, heirs at law of *Jesse Brown,* then deceased, against *Samuel Bradford,* the present plaintiff, alleging, that said *Bradford* was then in actual possession of the *Adgate* farm; that the writ in the former action was lawfully served on him; that *Jesse Brown* had execution on the judgment, but before it was executed or satisfied, he died, leaving the plaintiffs in such *scire-facias* his heirs at law; that said *Bradford* was still in possession of the land; and praying for an execution to put them into the possession thereof. To this action, said *Bradford,* the defendant therein, at the term of the county court in *June,* 1820, pleaded, That in *September,* 1806, he was in possession of the premises, occupying the same as tenant at will under *Joseph Howland,* who, on the 27th of *September,* 1806, being then the owner of the premises in fee, conveyed the same, by mortgage deed, to *Levi Coit, John Aspinwall, George Brinkerhoof* and *Jacob Stout;* after which said *Bradford* still continued in the possession of the premises, as tenant at will under *Coit* and others, until and at the time the judgment was rendered against him, in 1811, in favour of *Brown,* and afterwards, until the 18th of *March,* 1815, paying them annual rent; and then, for a valuable consideration paid by him to them, he became the purchaser of the premises, and received from them a deed, conveying the same to him in fee; and he had ever since continued to possess and occupy the premises, in his own right, as tenant in fee under such deed. To this plea there was a demurrer, on which judgment was rendered for the plaintiffs; and by virtue of an execution issued thereon, they were, on the 6th of *April,* 1822,

put into possession of the premises. It was admitted, that in
*April*, 1822, the heirs at law of *Jesse Brown*, deceased, being the creditors named in the execution which issued on the *scire-facias*, were, by the officer who executed it, put into possession
of the land in question ; and that the present defendant, at that time, took a lease of it under them, and was in possession thereof as their tenant.

The defendant claimed to have proved, that the present plaintiff, at the time the judgment against him in favour of *Jesse Brown*, was rendered, was in possession of the demanded premises, by virtue of a contract, which he had made with *Joseph Howland*, for the purchase thereof ; that *Howland*, after the making of such contract, conveyed the premises to *Levi Coit* and others, by mortgage deed, dated the 27th of *September*, 1806 ; of whom the defendant subsequently took a deed of the same land, in pursuance and in fulfilment of said contract ; and that the title, which said action was commenced to try and decide, was the same title of *Jesse Brown*, under whom his heirs made claim.

The plaintiff gave in evidence a deed from *Coit* and others, dated the 18th of *March*, 1815, and a mortgage deed from *Howland* to them, dated the 27th of *September*, 1806, of the land in question ; and claimed, that his title having originated since the rendition of the judgment in favour of *Jesse Brown*, was not affected by it ; and that, by the terms of said process and judgment, the title now claimed by the defendant, was not then put in issue, or decided.

The defendant also claimed to have proved, that the deed from *Howland* was fraudulent and void, as against creditors ; and that *Jesse Brown* acquired title to the premises, by said levy, notwithstanding such deed. The plaintiff resisted this claim.

The judge instructed the jury, that the levy of said execution was not void ; that the plaintiff was not precluded, by the facts in the case, from shewing his title ; and that the records adduced by the defendant, were no bar to the plaintiff's recovery. He, therefore, directed the jury to find a verdict for the plaintiff, unless they should find said mortgage deed was fraudulent.

The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial, on the ground of a misdirection.

*Goddard* and *Cleaveland*, in support of the motion, remark-

ed, 1. That the action of ejectment or disseisin, in this state, is a different thing, and designed to answer a different purpose, from the action of ejectment in *England ;* the former being, as to title and the right of possession, in the nature of a writ of right. It is the only action in use to try the title to land. 2 *Swift's Syst.* 69, 70. They then contended,

2. That the plaintiff was *estopped,* by the judgment against him, first in the action of ejectment brought by *Jesse Brown,* and afterwards in the *scire-facias,* brought by the heirs of *Jesse Brown,* to set up the title claimed in this action. *Coe* v. *Talcott,* 5 *Day* 88. 92. *Outram* v. *Morewood,* 3 *East,* 346. 364. *Co. Litt.* 352. *Ferrer's* case, 6 *Co. Rep.* 7. A judgment in ejectment by default, has the same effect as one upon a verdict. *Aslin* v. *Parkin,* 2 *Burr.* 665. 668. Besides, the judgment in the *scire-facias* was not by default, but on a demurrer to the plea, which stated the very title now claimed. A judgment in ejectment against the tenant, is binding upon the landlord. *Doe* d. *Troughton* v. *Roe,* 4 *Burr.* 1996, 7. It is clearly binding upon the tenant himself.

3. That these judgments, if not strictly and technically an estoppel, were yet a *bar* to a recovery in this action. The title has once been tried, in the proper form of action.

*Law* and *H. Strong,* contra, insisted, 1. That if the plaintiff was precluded from shewing his title, it must be by the judgment in 1811 ; the *scire-facias,* in 1815, having nothing to do with the question of title, its only object being to place the heirs of *Jesse Brown* in the condition in which he was before his death A judgment in such *scire-facias* could not go beyond the original judgment, which it sought to enforce.

2. That the judgment in 1811, was not an estoppel in this case. First, the defendant has not *pleaded it ;* and it cannot be given in evidence under the general issue. *Evelyn* v. *Haynes,* cited 3 *East,* 365. *Vooght* v. *Winch,* 2 *Barnw. & Ald.* 662. Secondly, the declaration in the former action averred only, that the plaintiff was "well seised and possessed of the premises." A verdict against him on the general issue, will not preclude him afterwards, when he has acquired a title in fee, from setting it up. In this state, ejectment is brought to try either the right of possession, or the title. When the right of possession only is tried, the judgment is no obstacle to a subsequent action claiming title in fee. It is not the form of action, but the point decided, that creates an estoppel. Thirdly, the

judgment referred to creates no estoppel, for want of reciproci-

ty; for no one who is not bound by, can take advantage of, an
estoppel. *Co. Litt.* 352. *a. Lansing* v. *Montgomery,* 2 *Johns.
Rep.* 382. But it is settled, that *Brown* would not have been
estopped, by a verdict for the defendant in that action. *Smith*
v. *Sherwood,* 4 *Conn. Rep.* 276. Fourthly, such judgment cre-
ated no estoppel, because it was by default, and without plea or
trial. Fifthly, *Coit* and others were not estopped, by that judg-
ment, because they were not privies, and because they had no
notice, and no day in court: *Doe* d. *Troughton* v. *Roe,* 4 *Burr.*
1996. *Doe* d. *Grocer's Company* v. *Roe,* 5 *Taun.* 205. The
plaintiff has now acquired all their right.

Estoppels are not to be favoured, and are to extend only as
far as the positive rules have gone, because they prevent the
investigation of truth. *Rex* v. *Lubbenham,* 4 *Term Rep.* 254.

Hosmer, Ch. J. It has been made a question, in this case,
whether the deed from *Howland* to *Coit* and others, was frau-
dulent. The verdict of the jury being in favour of the plain-
tiff, it conclusively follows, the jury have found, that there was
no fraud in that transaction. This reduces the controversy to
the single enquiry; Whether the plaintiff was estopped from
proving title, by the judgment rendered against him in favour of
*Jesse Brown.*

I shall consider the judgment by default, as attended with
the same legal consequences as if there had been a verdict for
the plaintiff; there existing no solid distinction, between a title
confessed, and one tried and determined. *Aslin* v. *Parkin,* 2
*Burr.* 668. *Baron* v. *Abeel,* 3 *Johns. Rep.* 481.

The record on the writ of *scire-facias,* must be wholly exclu-
ded from consideration. The object of that suit was to obtain
an execution on a former judgment, and the title, which had
been determined, could not be brought in question. Undoubt-
edly, the plea in that case was adjudged insufficient, because
the facts averred in it, were not legally pleadable, and therefore,
not confessed by the demurrer.

The estoppel contended for, by the defendant, is not main-
tainable; and on several distinct grounds.

1. The plaintiff claimed title by a deed from *Coit* and others,
in the year 1815; and this was nearly *four years posterior to*
the judgment, which the defendant insists on, as being an estop-
pel. The plaintiff's right was not determined, by the above
judgment, unless it had that operation on the title of *Coit* and

*New-London,*
July,
1823.

Bradford
*v.*
Bradford.

others, from whom his title was derived. But *Coit* and others were not a party in the preceding suit; nor was the plaintiff, who was then in possession of the land demanded, and against whom the action was maintained, a privy holding title under them. Originally, he was the tenant of *Howland;* and as early as the year 1806, when *Howland* conveyed the land in question to *Coit* and others, was deprived of the right of possession; and after this, occupied without title. The motion does not state, that there was any intercourse between the plaintiff and *Coit* and others, until the year 1815, when he became a purchaser of the controverted property. *Coit* and others, then, not having been either parties or privies, to the aforesaid action of *Brown,* their title was not affected by the judgment against the then defendant; and, of consequence, it is equally beyond its operation, since the transmition of it to the plaintiff.

2. The declaration of *Jesse Brown* averred no title to the land demanded, beyond the duration of his own life. The allegation was merely, that *he was seised and possessed;* and the strict construction, which a plea of estoppel demands, would be violated, if the effect of the judgment were extended to a title, beyond the sphere of the above averment.

Finally, No estoppel is created by a default, or a verdict for the plaintiff, the general issue only having been pleaded.

It is clear beyond a question, if there had been a verdict for the defendant, unless the ground of it had specially appeared on the record, that it would create no estoppel; and this precise point was decided, by this Court, in *Smith* v. *Sherwood,* 4 *Conn. Rep.* 276. Now, in respect to estoppels, which are considered as odious, because the mouth of the party is shut as to the merits of his case, they must always be reciprocal. *Brereton* v. *Evans, Cro. Eliz.* 700. *Co. Litt.* 351. *b. Com. Dig. tit.* Estoppel. B.

The other Judges were of the same opinion.

New trial not to be granted.