SMITH *against* SILLIMAN and another:

#### IN ERROR.

Where it appeared from the record of the county court, that the defendant in a process of foreign attachment, was described as " late of *N.,* in this state, but now absconded out of this state ;" that at the first term of the court after the commencement of the action, the defendant being absent out of the state, the cause was continued; and that at the next term, judgment was rendered for the plaintiff, on default of the defendant's appearance ; and on a writ of error in the superior court, to reverse such judgment, on the ground that the bond lodged

*Fairfield,*
June, 1830.

Smith
*v.*
Silliman.

with the clerk previous to the issuing of execution, was defective and void, the defendant in error pleaded, that after the service of the original writ and before the sitting of the county court to which it was returnable, the defendant in that suit returned to his residence in *N.* in this state, and there occasionally lived with his family until final judgment; it was held, 1. that the matters alleged in such plea were not inconsistent with the record, and therefore the party was not estopped from alleging them; and 2. that in such case, no bond was necessary.

THIS was an action of book debt, brought by *Truman Smith,* against *Elisha L. Silliman* and *George Cooke,* to the county court of *Fairfield* county, holden on the third *Tuesday* of *November,* 1823, by writ of foreign attachment, dated the 30th of *August,* 1823, describing them as " late merchants in company of *New-Canaan,* trading under the firm of *Silliman & Cooke,* but now absconded out of the state." By the record of the county court, holden on the second *Tuesday* of *February,* 1824, the defendants were thus described : " *Elisha L. Silliman* and *George Cooke,* late merchants in company of *New-Canaan* in said county, but now absconded out of this state." By the same record, it appeared, that at the previous term of the court in *November,* the plaintiff appeared, and the defendants being absent out of this state, the cause was continued ; and that at said *February* term, the plaintiff appeared and the defendants made default of appearance ; and thereupon judgment was rendered for the plaintiff, for the sum of 526 dollars, debt, and 17 dollars, 2 cents, costs ; for which sums execution was granted. A bond to refund for the sum of 1087 dollars, was lodged, in the condition of which the judgment was counted on as for the sum of 526 dollars, debt, and 7 dollars, 2 cents, costs. On this judgment a writ of error was brought in the superior court, claiming that such judgment was erroneous, because no bond was given in double the amount recovered, the writing actually lodged being wholly void, as it was not in conformity to the statute ; and because the judgment was not so described that a suit could be maintained upon the bond.

To this writ of error, the defendant in error, in the superior court, pleaded, that after the service of the original writ, *viz.* on the 30th of *August,* 1823, and before the sitting of the county court, said *Silliman* returned to his residence in *New-Canaan,* and there occasionally lived and resided with his family until final judgment ; and was actually notified of the

pendency of the suit, by service of the writ, thirty days before *Fairfield,* the session of the court. To this plea *Silliman* and *Cooke* de- June, 1830. murred, assigning for cause that the said *Smith* was estopped, by the record, from making this averment. The superior court reversed the judgment of the county court; and thereupon the original plaintiff, by motion in error, brought the case before this Court for revision.

Smith
*v.*
Silliman.

*Betts* and *Booth,* for the plaintiff in error, contended, 1. That this was not a case in which a bond was necessary; as one of the defendants returned, and had actual notice of the suit, before the sitting of the court to which the writ was returnable. It is only by virtue of the provisions of the 12th section of the act regulating *civil actions,* that a bond is required. The provision referred to is thus expressed: "And in *such cases,* where judgment shall be entered up against him [the defendant] on default, *after such continuances,* execution shall not issue thereon, until the plaintiff shall have lodged with the clerk of the court, a bond," &c. *Stat.* 39. *tit.* 2. *s.* 12. Of the "cases" referred to, the only one bearing upon the present question, is, where " the defendant, being an inhabitant of this state, is absent out of the same, at the time of the commencement of the suit, *and does not return before the first day of the sitting of the court.*" As the plea shews, that the defendant in this suit *did* return before the sitting of the court, it follows irresistibly, that no bond was necessary—provided it was competent to the party to make the averment.

It will be said, that the defendant in error was estopped, by the record, from making such averment. Can this position be sustained? The record does not say, that the defendants in the original suit did not return before the sitting of the court. It only shews, that at the *November* term of the court, [that to which the suit was brought,] the defendants were *absent* from the state. Is this inconsistent with the fact alleged in the plea? May it not be true, that at the sitting of the court in *November,* the defendants were absent, and also true, that between the time of service in *August* and the sitting of the court, " said *Silliman* returned to his residence in *New-Canaan?*"

It may be further said, that the cause was continued from the *November* term, on the ground of the defendants' absence; which shews, that they had not previously returned. This

*Fairfield,*
June, 1830.

Smith
*v.*
Silliman.

conclusion is denied. The process was by foreign attachment ; and by the statute regulating that process, the cause must have been continued, if there was *no appearance* on the part of the defendants or their attorney, whether they had previously returned or not.   *Stat.* 238. *tit.* 37. *s.* 2.   To constitute an estoppel, the record must be directly, and irreconcileably, at variance with the matter alleged.   *Co. Litt.* 352. *b.*

2. That the want of a bond, admitting the necessity of one in this case, and that the bond in fact given was a nullity, is not a ground of error.   The court has nothing to do with the taking of the bond.   It is no part of the judgment complained of.   It may be, and frequently is, lodged with the clerk in vacation.   Where the judgment is regular, it is not a good ground of reversal, that an execution afterwards issued irregularly. The remedy for the party injured, is, either by *audita querela,* or by motion to the court to set the execution aside.   *Johnson* v. *Harvey,* 4 *Mass. Rep.* 483. 485.   The statute of *Massachusetts* in relation to this subject, is similar to ours.

*N. Smith* and *Sherman,* for the defendants in error, insisted, 1. That the bond or writing, which was in fact lodged with the clerk in this case, was void, as it was not supported by the judgment which it counted on.   The description of the record is matter of substance.   *Cutler* & al. v. *Wadsworth,* 7 *Conn. Rep.* 6. 11.

2. That a bond in this case was necessary.   In the first place, the original defendants were not residents in this state, at the time of service, but were then *absconding* out of the state. In the next place, they were *absent* from the state, at the sitting of the court to which the writ was made returnable, and *did not appear* at that term.   Thirdly, the cause was *continued* on account of such absence and non-appearance. Fourthly, at the term in *February* 1824, when judgment was rendered, the defendants were still *absconded* out of the state, and made default of appearance.   These facts all appear from the record, and shew, incontestibly, a case within the statute requiring a bond to refund.   *Stat.* 38, 9. *tit.* 2. *s.* 12.   The only answer to this, is, an averment of the defendant in error, in the superior court, that *Silliman* returned before the sitting of the court, and resided in *New-Canaan* until final judgment ; but this averment, being in direct opposition to the record, is of no avail.   This Court will disregard it entirely.   *Palmer* v. *Ekins,* 2 *Stra.* 817.

**3.** That the issuing of execution in a case where its issuing is prohibited by law, is ground of error. The error consists, not in the lodging of a defective bond, but in the granting of execution without a legal bond. If such a bond do not appear, in a case requiring it, the record is imperfect and erroneous. This point was decided in *Strong* v. *Meacham*, 1 *Root*, 391, which has never been over-ruled or doubted. And, on general principles, it must appear from the record, that all the proceedings are authorized. *Dyke* v. *Sweeting*, 1 *Wils*. 181. *Co. Litt*. 288. *b.* 1 *Archb. Pract*. 208.

*Fairfield,*
June,1830.

Smith
*v.*
Silliman.

WILLIAMS, J. It must be admitted, that the bond does not rightly describe the judgment. The costs are said to be 7 dollars, 2 cents, whereas the costs in the judgment are 17 dollars, 2 cents. The questions then arising are, 1. whether any bond was necessary in this case ; and 2. whether the want of a bond is the subject of a writ of error.

The last question has been the principal one discussed at the bar, and has given rise to conflicting decisions in our own and an adjoining state. But as the decision of it is not, in the view I have taken of this case, necessary, I shall waive any remarks upon this subject, hoping that if the case of *Strong* v. *Meacham*, is to be reviewed, it may be by a full court.

I am of opinion, that no bond at all was necessary in this case. The original suit was a foreign attachment. The statute on that subject directs, that the attorney or agent may defend the principal ; but if the defendant be not in the state, and said attorney does not appear to defend him, the suit shall be continued to the next court. *Stat.* 237, 8. The 12th section of the statute concerning *civil actions*, enacts, That if the defendant, being an inhabitant of this state, is absent at the time of commencing the suit, and *does not return before the first day of the session of the court*, or if he is not an inhabitant or resident, and does not appear, the suit shall be continued to the next term ; and if he does not then appear and plead, judgment may be rendered against him in default of appearance ; and *in such cases*, execution shall not issue thereon until the plaintiff shall have lodged with the clerk of the court a bond, with one or more sufficient sureties, to the adverse party, in double the sum of such judgment, to refund, &c. *Stat.* 38, 9. The first statute requires a continuance, if the defendant does not appear, and is not in this state ; but requires no bond. The last statute requires a continuance and a bond ; but it requires them

*Fairfield,*
June, 1830.

Smith
*v.*
Silliman.

only where the defendant was out of the state, at the commencement of the suit, and had not returned before the session of the court.

If, then, the defendant was an absconding debtor when the writ was served, and out of the state at the commencement of the term, and no attorney appeared, the cause must be continued. And if he had not returned to this state before the sitting of the court, and finally suffered judgment by default, a bond must be given. By the record of the county court, it is shewn, that the defendants were out of the state at the time of service; no attorney appeared for them; and no suggestion was made then, or is now, that *at that time*, they were in the state. The suit was, therefore, by the court, properly continued under the first-mentioned statute, without any regard to the other statute, and without any enquiry whether the defendant had been in the state after the service of the writ.

If the facts, then, stated in this plea, are properly pleaded, it is apparent, that no bond was necessary.

It is said, that the plaintiff in the county court is estopped, by the record, from averring the fact in his plea.

It is believed, that it will be found, that there is no fact in the record inconsistent with the facts disclosed in the plea.

The original writ describes the defendants as absconding debtors out of this state. The record shews, that at the first term, they were absconding and absent from the state, and that they did not appear at the next term. All this is perfectly consistent with the fact, that they were in the state between the time of service of the writ and the time of its return; and *that* is the only important fact in the plea.

If it be said, that a bond was actually given, and that implies that this was a proper case for a bond; this does not appear to have been done by order of the court. It must, therefore, be treated as the mere act of the party; and if the party did suppose, that a bond was necessary, it will not make it so, nor prevent the party from shewing the real fact. The bond itself counts upon the record, and proves no more than that does, *viz.* an absence out of the state, at the time of service, and at the time of the session of the court. Besides, it is claimed, that that is no bond, as it does not count upon this record correctly; and it would be too much to claim, that the bond was void, and yet that it estopped the party who executed it.

An estoppel, it is well known, must be certain to every in-

tent. Therefore, if it is not directly and precisely alleged, it shall not be an estoppel. *Co. Litt.* 352. *b.* *Com. Dig. tit.* Estoppel. E. 4. *Bradford* v. *Bradford*, 5 *Conn. Rep.* 127. 132. And it has been held, that though a record says, that a party appeared by his attorney, in a suit upon that judgment, he may shew that he did not appear by his attorney. *Aldrich* v. *Kinney*, 4 *Conn. Rep.* 380. 387. *Hall* & al. v. *Williams* & al. 6 *Pick.* 232.

Considering, then, the strict construction given to estoppels, I have no hesitation in saying, that *Smith* is not estopped, by any thing in the record of the county court from shewing the real fact as to the return of the defendant.

Had the fact stated in this plea been shewn to the county court, it would have been their duty, by the statute concerning foreign attachments, to have continued the cause. But were this otherwise, the fact of the continuance cannot furnish record evidence, that the defendants were not within the state from the time of service of the writ, to the time of the session of the court.

I am, therefore, of opinion, that the plea of *Smith* to the writ of error was sufficient; and that there is error in the judgment of the superior court.

Hosmer, Ch. J. and Peters, J. were of the same opinion.

Daggett and Bissell, Js., having been of counsel in the cause, gave no opinion.

Judgment reversed.

After the decision of the Court, a motion was made to remand the cause, which was opposed; and by the Court, the motion was

Denied.