## LEEDS *against* LEEDS and another.

Where an execution issued on a judgment recovered by *A*, on a probate bond against *B*, the principal, and *C*, the surety, was levied on land, as the estate of *B*, whose sole duty it was to pay the debt, and that land was duly set off to *A*, in satisfaction of the execution; after which *A* brought ejectment against *B* and D for the land ; on the trial of this action, the defendants shewed a deed of the same land from *B* to *A*, executed before the judgment on the probate bond, and a subsequent conveyance from *A* to *D ; A* claimed that the deed from *B* to him was fraudulent and void ; and in support of this claim, offered *C*, as a witness ; it was held, that *C* was inadmissible for this purpose, being interested to shew a satisfaction of the judgment against *B* and himself, and, of course, interested to repel any opposing evidence.

**A** judgment for *A*, in such action, would be evidence of a satisfaction of the debt, by means of the levy, in a future action of debt on judgment, or a *scire-facias*, against *B* and *C*.

In most cases, the surety is necessarily interested in whatever discharges or subjects the principal.

*Fairfield,*
June, 1837.

Leeds
*v.*
Leeds.

THIS was an action of ejectment, brought by *John J. Leeds* against *Cary Weeds* and one *Wessels.*

The cause was tried, on the general issue, at *Fairfield, April* term, 1837, before *Williams*, Ch. J.

The plaintiff claimed title to the land in question, in the following manner. In *April*, 1835, a judgment was rendered, by the superior court, in favour of *Charles Hawley*, Esq., as judge of probate, for the benefit of the administrator on the estate of *Epenetus Webb*, deceased, for the sum of 1128 dollars, 53 cents, debt and costs, against the defendant, *Cary Leeds*, and *Simeon H. Minor*, on a probate bond given to said judge of probate, by said *Cary Leeds*, as administrator of the estate of *Abigail J. Crennell*, deceased, and said *Minor*, as his surety. This judgment was assigned, by the administrator of *Webb's* estate, to the plaintiff. An execution issued upon said judgment, was duly levied upon the land in question, as the estate of *Cary Leeds ;* and it was thereupon set off to the nominal creditor ; who released all the interest which he had thus acquired, to the plaintiff, by a deed, dated *July* 29th, 1835.

The defendants offered in evidence a deed of the same land, with covenants of warranty, from *Cary Leeds* to the plaintiff, dated *April* 5th, 1826, by which, as they claimed, the land was, for a valuable consideration, conveyed to the plaintiff; and soon afterwards, and long before said suit on the probate bond, the plaintiff, for a valuable consideration, conveyed the same land to the wife of the defendant, *Wessels ;* and under this title the defendants entered and claimed.

The plaintiff claimed, that the deed from *Cary Leeds* to him was without consideration, and was fraudulent and void as against his claim derived under said execution ; and in support of this claim, he offered said *Minor* as a witness. The defendants objected to his admission, on the ground that he was directly interested, as the surety of *Cary Leeds*, in establishing the levy, and consequently, in the event of the suit. The Chief Justice excluded the witness ; and thereupon a

*Fairfield,*
*June, 1837.*

Leeds
*v.*
Leeds.

verdict passed for the defendants. The plaintiff moved for a new trial.

*Betts* and *Dutton,* in support of the motion, contended, 1. That *Minor* was a competent witness. To exclude a witness on the ground of interest, he must either be immediately affected by the judgment, or it must be admissible for or against him in some other suit. 2 *Stark. Ev.* 744. 745. n. *c.* 781. & seq. *Swift's Ev.* 55. *Phil. Ev.* 43. In the first place, this witness would derive no immediate benefit from a recovery by the plaintiff, and would suffer no immediate injury from a verdict for the defendants. Secondly, the verdict or judgment would not be admissible for or against him. This action of ejectment has no connexion with the levy. On a *scire-facias* against him, this judgment would prove nothing. Should another action of ejectment be brought, this judgment would not amount to an estoppel. *Smith* v. *Sherwood,* 4 *Conn. Rep.* 276. *Bradford* v. *Bradford,* 5 *Conn. Rep.* 127. *Fitch* v. *Sawyer,* 11 *Conn. Rep.* 548.

The question is, whether *Hawley,* the execution creditor, acquired a title to the land upon which he levied. That question can never be affected, by any subsequent transaction. *Hawley* has nothing to do with this suit ; and yet he is the only person who can bring debt on judgment.

*Sherman* and *Hawley,* contra, insisted, That *Minor* was directly interested to establish the fact that the land taken was *Cary Leeds' ;* for by establishing that fact, the execution would be discharged, and he be longer liable ; whereas if *Wessel's* claim to the property should be established, the levy would thereby be avoided, and a new execution might be obtained against *Cary Leeds* and *Minor.* If the plaintiff should prevail, it would be an effectual bar to a *scire-facias* for a new execution ; and *Cary Leeds* and *Minor* could avail themselves of the judgment, to defeat any attempt to obtain a new one. The principle which excludes a grantor with warranty from testifying in support of the title, or a person interested in a fund from testifying to increase it or prevent its diminution, would exclude *Minor.* The following authorities were cited. *Bland* v. *Ansley* & al. 2 *New Rep.* 331. *Kip* v. *Brigham* & al. 7 *Johns. Rep.* 168. 173. *Kip* v. *Brigham* & al. 6

*Johns. Rep.* 158.    *Blasdale* v. *Babcock,* 1 *Johns. Rep.* 518.
*Hamilton* v. *Cutts* & al. 4 *Mass. Rep.* 349.    *Clark's* exrs. v.
*Carrington,* 7 *Cranch* 322.    *Jackson* d. *Caldwell* v. *Hallenback,* 2 *Johns. Rep.* 394.    *Heermance* v. *Vernoy,* 6 *Johns. Rep.* 5.    *Swift* v. *Dean,* 6 *Johns. Rep.* 523.    *Abby* v. *Goodrich,* 3 *Day* 433.    1 *Phil. Ev.* 44. 52.    *Tyler* v. *Ulmer,* 12 *Mass. Rep.* 166.    *De Forest* & al. v *Strong,* 8 *Conn. Rep.* 514.

*Fairfield,*
June, 1837.

Leeds
*v.*
Leeds.

CHURCH, J.    This motion shows, that a judgment had been recovered on a probate bond against *Cary Leeds,* the principal, and *Simeon H. Minor,* the surety, on which an execution had been issued; and that the execution had been levied upon the land of *Cary Leeds,* whose sole duty it was to pay the judgment : and also, that the land had been, in due form of law, set off in satisfaction of the execution.

It can require no argument to show, that, if the effect of that levy, was, to satisfy and discharge the judgment debt, then *Minor* would be forever exonerated and saved harmless from it ; and thus directly interested in giving to it such an effect. This effect would be secured, if the only existing objection to it could be avoided ; which was a prior deed and conveyance of the same land given by *Cary Leeds* to *John J. Leeds.*    The sole purpose of *Minor's* testimony was, to invalidate that deed, by proving it fraudulent and void ; and thus give entire efficacy to the levy of the execution.    It is hardly possible to state a case of more direct and palpable interest in a witness, than this.

It is contended, that this being an action of ejectment, the judgment here rendered would not bind the title as against any body ; and that, therefore, *Minor's* rights and liabilities cannot be affected by it.    And we are referred, in support of this position, to the cases of *Smith* v. *Sherwood,* 4 *Conn. Rep.* **276.** and *Bradford* v. *Bradford,* 5 *Conn. Rep.* 127.

We have no occasion now to review the principle supposed to be established, by the cases referred to ; because we are not called upon to say, that this judgment would be conclusive, either as an estoppel or otherwise, upon any one ; but only, whether it would be evidence to prove a fact materially conducing to show, that *Minor* had been discharged from his lia-

*Fairfield,*
*June, 1837.*

Leeds
*v.*
Leeds.

bility to pay the aforesaid judgment debt against *Cary Leeds* and himself?

That the land was duly set off, *as the land of Cary Leeds,* to the full amount of the judgment, was certainly *prima facie* evidence of the satisfaction of that judgment, and of the debt which was the foundation of it. Such evidence would be strongly, and almost conclusively, corroborated, by proof that the creditor had received the actual fruits of his levy, by recovering, in a court of law, the seisin and possession of the land against the only person who could make an adverse claim to it. Such proof, the judgment in this case, if rendered for the plaintiff, for whom *Minor* was called to testify, would afford. And it would be quite too much to say, if a *scire-facias* or action of debt was brought against *Cary Leeds* and *Minor,* upon the judgment against them, as an unsatisfied judgment, that the judgment in this case could not be admitted in evidence, in connexion with other proof, as conducing to prove such former judgment satisfied. *Bland* v. *Ansley* & al. 2 *New Rep.* 330.

There is so far a privity, and even identity, between principal and surety, in most cases, that the surety is necessarily interested in whatever discharges or subjects the principal; and any fact, whether it be a judgment or any thing else, which conduces to show, either directly or as a legal consequence, that the obligation of the principal is discharged, if it be not upon grounds personal to the principal himself, may be shewn, by the surety, in his own defence. 1 *Stark. Ev.* 187. 2 *Id.* 747. 1 *Pothier on Obligations,* 500. *part* 4. *ch.* 3. *Willey* v. *Paulk,* 6 *Conn. Rep.* 74. *DeForest* v. *Strong,* 8 *Conn. Rep.* 514. *Minor,* therefore, having an interest in showing the satisfaction of the judgment against *Cary Leeds* and himself, was inadmissible as a witness to prove that fact, and equally inadmissible to disprove any contradictory fact.

No new trial is advised.

In this opinion the other Judges concurred.

New trial not to be granted.