ROBERT L. McDOWELL *vs.* GORDON B. LANGDON & another.

A verdict and judgment for the defendant, in an action at law for obstructing the flow of water to the plaintiff's mill, on a plea of not guilty and a specification of defence denying both the plaintiff's right and any injury thereof, are no bar to a suit in equity to restrain such obstruction, unless it appear, either by the record or by extrinsic evidence that the defendant did not prevail in that action for want of proof that he had violated the plaintiff's right.

BILL IN EQUITY to restrain the defendants from disturbing, by their mill, the flow of water of Mill Brook, in Monterey, to the plaintiff's mill, as appurtenant to which the plaintiff claimed a prior right to the use of the water. Plea, a judgment recovered by the defendants, on a verdict of not guilty, in an action on the case brought against them by the plaintiff, averring the plaintiff's right to use, for his mill, all the water of the stream, and the obstruction of that right by the defendants; to which the defendants pleaded the general issue, with a specification of defence, claiming a right to use the water as they had done, denying the plaintiff's right, and also denying that they had injured any right of the plaintiff.

*Dewey*, J., before whom the hearing was had, allowed the defendants (the plaintiff objecting) to prove, by parol evidence, the issue submitted to the jury in the action at law. The evidence introduced showed that the plaintiffs, at that trial, claimed an ancient right to priority in the use of the water, and that evidence was introduced, on both sides, in regard to the rights of both parties. The presiding judge reserved the case for the consideration of the full court.

*J. E. Field*, (*J. Rockwell* with him,) for the plaintiff.

*I. Sumner & H. W. Taft*, for the defendants.

METCALF, J. Upon the record of the former action, the judgment in which is here pleaded, it is doubtful whether the defendants in that case prevailed on the ground that they had the right which they claimed in their specification of defence, or on the ground that they had done no acts in violation of the plaintiff's rights. The plea was " not guilty," and the verdict was the

same, and no more. Whether that verdict was returned on the ground that the defendants had not done the acts complained of in the plaintiff's declaration, or on the ground that those acts were rightfully done, we cannot ascertain from the record.

Parol evidence was rightly admitted to show what was decided by the jury. *Dutton* v. *Woodman*, 9 Cush. 261, and cases there cited. But that evidence failed to prove any thing more definite than what was shown by the record itself. It showed only that the plaintiffs, at the trial, claimed an ancient right to priority in the use of the water, and that evidence was introduced on both sides in regard to the rights of both parties. This is wholly insufficient to prove that the jury found the defendants not guilty because they found that the plaintiffs had not the right which they claimed. We cannot know, from this evidence, that the plaintiffs did not fail in their action because they failed to satisfy the jury that the defendants had violated their rights, even though the plaintiffs had all the rights which they claimed. Under the plea and specification, the acts complained of were put in issue, as well as the legality of such acts, if done.

As neither the record nor the parol evidence shows the ground on which the verdict was returned, the plea cannot be sustained. *Smith* v. *Sherwood*, 4 Conn. 276.