AMOS A. WRIGHT *v.* A. B. HAZEN· AND BENJ. GORDON.

*Estoppel.   False imprisonment.   Jurisdiction of justices.   Habeas Corpus.*

If one assume to justify, by special process of *capias,* he should in his plea, state such facts, as justify that form of process.

Estoppels, to be available, where there is more than one party, must be mutual, and can only operate upon the parties to the issue, and those who stand in privity of estate or descent.

In a suit against a justice for false imprisonment on a *capias* that he signed; all that is requisite for him to show is, that the original writ described the debtor as a non-resident, and that he signed the writ supposing such to be the fact.

Sound policy requires, in this State, that the same rule of construction be extended in favor of the jurisdiction of justices of the peace, as is done in favor of courts of general jurisdiction.

An execution *prima facie* should follow the writ.

If new facts arise before the issuing of an execution, by which the debtor is entitled to have it issue against his goods and chattels only, he may pursue his right on *habeas corpus.*

THIS was an action on the case for false imprisonment.   The defendants plead — first, the general issue, and secondly, a plea in bar — that defendants in this suit caused the plaintiff to be committed by virtue of legal process, and that defendant Gordon was a justice of the peace, &c.   The plaintiff, in his replication, replied that said writ was issued without the requisite formalities, and that the plaintiff, in this action, was a resident citizen of this State at the time of his committal upon said process.

The defendants, in their rejoinders, replied that the plaintiff ought to be estopped from pleading said last mentioned plea, because the plaintiff, in their suit, (the defendant Hazen being plaintiff in that suit, and defendant Gordon was the justice before whom said suit was made returnable,) had under the provisions of the act of 1849, pleaded said facts in abatement before the said justice Gordon, to whom said process was returnable, and that said justice rendered judgment against this plaintiff, on said plea.

The county court, August Term, 1851, on demurrer rendered judgment that said rejoinders are sufficient.   Exceptions by the plaintiff.

*G. Harrington* for plaintiff.

The proposition that the judgment of Gordon, as a justice should estop the plaintiff from avering and proving, that he was a resident citizen is without legal foundation. The 67th Sec. of Comp. St. chap. 31 p. 251, has in general terms prohibited the *arrest or imprisonment of resident citizens*; notwithstanding the proviso, there is no longer any general authority in clerks and magistrates to issue writs of *capias* on contracts made after January, 1839, consequently, this process against the body of Wright, issued and served on the 22d of March, 1850, was *void* process, it was not only issued without law, but against a *positive* statute. The writs being void, all the proceedings under it was *coram non judice*; a court must have jurisdiction of the process, as well as the person and the subject matter, and in this case, for want of the jurisdiction of the first he failed to have jurisdiction of the latter. *Aiken* v. *Richardson,* 15 Vt. R. 500. *Perkins* v. *Proctor & Green,* 2 Wilson R. 385. *Persons* v. *Loid,* 3 Wilson 341. *Baker* v. *Broham & Norwood,* 3 Wilson 368.

In the case of a blank deputation, afterwards filled up, as well as one wrongly inserted in a county court writ, as in the cases of *Kelly* v. *Paris et al.,* 10 Vt. 261; *Ross* v. *Fuller,* 12 Vt. 265; *Dolbear* v. *Hancock,* 19 Vt. R. 388, this court held, that the services were *void,* and that the doings of the deputed persons were trespasses. Could any after adjudication, in those cases have been pleaded as an estoppel in those actions, for trespasses committed by the deputed persons?

The defendants pleas and rejoinders fail to answer the plaintiff's writ and replication, and for that cause are bad.

The plaintiff has alledged in his replication, the illegality of issuing the execution and his imprisonment upon it, while he was a *resident citizen,* and to this part of the case the defendants make no excuse except the judgment of the defendant Gordon, of the 15th of April, 1850. The plaintiff might have been a *non-resident* on the 22d of March, the time of the serving of the writ, to which time the plea in abatement must have related, and have been a *resident citizen* on the 15th of April, when the execution was issued. See *Sawyer* v. *Vilas,* 19 Vt. R. 43 and note. The legal construction of the act of 1843, Comp. St. p. 251, Sec. 68, is, that the writ of execution is placed on the same footing of *mesne process*

Wright *v.* Hazen and Gordon.

and an affidavit must be filed to make an execution valid against a resident citizen's body, the same as in case of *mesne process.* 2 Wilson R. 3. *Scott* v. *Dixon and notes,* 1 Saunders R. 299.

*Stevens & Edson* and *Sowles* for defendants.

For the defendants it is contended, that the plaintiff, having under the statute of November 12, 1849, submitted the question in dispute to a court of competent jurisdiction, the decision of that court is conclusive, and that he is estopped from again litigating the point so decided. *Trevivan* v. *Lawrence et al.,* 2 Smith's Leading Cases 486.

BY THE COURT. To state the points involved in this case in the briefest manner, it appears to us,

1. That the estoppel relied upon by the defendant, who was a party to the original suit, is conclusive as to him, and when replied by him separately, is available. But it can only defeat the plaintiff's replication, and thus leave the defense to stand upon the defendants' plea.

2. The plea of this party, Hazen, it seems to us is defective, in not containing an allegation, that the plaintiff here, at the time of praying out process, in the original action against him, was a non-resident. The common form of civil process now, being that of summons or attachment of goods, &c. if one assume to justify, by virtue of special process of capias, he should, in his plea, state such facts as justify that form of process.

3. As to the justice Gordon, it seems to us the estoppel is not available as such, in his behalf. He not being a party to the former issue, would not be bound where the finding was against, and cannot, therefore, take advantage of a finding in his favor, inasmuch as estoppels must be mutual, and can only operate upon the parties to the issue, and those who stand in privity of estate or descent.

This will leave the case to stand, as to him, upon his plea and the plaintiff's replication, which will make it substantially bad, without regard to the form of pleading, as it will show that the plaintiff was a resident citizen at the time the writ issued. This will entitle the plaintiff to have judgment, in his favor, on the pleadings.

But as it is probable a repleader may be desired, we will suggest our view of the law arising upon the other questions discussed.

1. As to the justice, it seems to us all that it is requisite for him to show is, that the original writ described the debtor as a non-resident, and he signed the writ supposing such to be the fact, having no mode of trying that question in advance. But we are aware that the decisions in New York, and probably in some of the other States, have required the justice to know the facts, limiting the extent of his jurisdiction, at his peril. But no such rule has ever been applied to courts of general jurisdiction either in Westminster Hall, or in this country, and the jurisdiction of justices of the peace has become so important and extensive, that we incline to believe sound policy requires us to extend the same rule of construction in favor of their jurisdiction, which is done in favor of courts of general jurisdiction. Any distinction, in the particulars now before us, would be very unreasonable, not to say more.

2. In regard to the execution, *prima facie,* it should follow the writ. The provision in regard to executions being included under the general term writ found in the statute, is intended to enable the creditor to swear out a capias execution, if he finds himself entitled to one. And if new facts arise before the issuing of an execution, by which the debtor is entitled to have it issue against his goods and chattels only, he may pursue his right on *habeas corpus* and perhaps in other modes.

Judgment reversed and repleader awarded on terms.