## HUNTINGTON, WADSWORTH & PARKS v. JEWETT, TIBBETS & Co.

1. Action of right: LEGAL TITLE. In an action of right, the plaintiff must recover upon the strength of his own, and not on the weakness of his adversary's title. He must show the legal title to be in himself.

2. Judgment: RES ADJUDICATA : FRAUDULENT CONVEYANCE. An adjudication that a conveyance of certain real estate is fraudulent as against certain judgment creditors of the grantor, in a proceeding instituted by them for that purpose, affects the legal title of the grantee, in so far only as such creditors are concerned ; and other judgment creditors of the grantor claiming under execution sale cannot, in an action of ejectment, avail themselves of such adjudication to destroy the effect of the legal title of the grantee as to themselves.

*Appeal from Jackson District Court.*

THURSDAY, JULY 2.

EJECTMENT: LEGAL TITLE: FRAUDULENT CONVEYANCE, ETC. For necessary facts see opinion. Plaintiffs appeal.

*Charles M. Dunbar* and *B. W. Poor* for the appellants.

*William Graham* for the appellees.

DILLON, Ch. J. — By the pleadings each party claims the legal title. No equitable issues are made. Both parties claim under one *Joseph McCloy*, by virtue of different execution sales and sheriff's deeds. The judgment under which the plaintiffs claim title, and one of the judgments under which the defendants claim

1. ACTION OF RIGHT: legal title.

title, were rendered *on the same day*. But plaintiffs' sale was the elder one, and this sale, assuming its regularity and had Joseph McCloy been possessed of the legal title, would, under the doctrine recognized in *Cook & Sargent* v. *Dillon* (9 Iowa, 407), give to the plaintiffs the title as against a subsequent sale under a judgment of equal date. The other judgment under which the defendants claim is junior to the plaintiffs'. But, *anterior* to the rendition of any of these judgments against Joseph McCloy, he had conveyed the property in question to *Samuel McCloy*, and this conveyance was duly recorded. The legal title was in Samuel at the time the sheriff's sale was made to the plaintiffs.

Before the defendants' sales were made, decrees had been obtained declaring the deed from Joseph to Samuel McCloy fraudulent and void as to the judgments under which defendants claim title, and afterward sales under their judgments were made, and in due time defendants procured deeds from the sheriff. On the trial, the plaintiffs offered in evidence their deed from the sheriff, and also the record of other deeds and the book of original entries, showing title in the judgment defendant, Joseph McCloy. This made a *prima facie* case for the plaintiffs.

Defendants introduced in evidence the record of the deed from Joseph McCloy to Samuel McCloy, made and recorded prior to rendition of the judgment, which was the basis of the plaintiffs' sale; also the judgments, decrees, sheriff's deeds, etc., under which they claim title.

It is not necessary to determine whether the plaintiffs' objections to the validity of the sheriff's sales, under which defendants claim, are well grounded or not.

The plaintiffs must recover on the strength of their own title. Under the pleadings they must show the legal title to be in themselves.

This they apparently did. But when the defendants introduced the deed from Joseph McCloy to Samuel, antedating the rendition of the plaintiffs' judgment, this showed the legal title to be as against the plaintiffs in the said Samuel.

The plaintiffs did not show that they had taken any steps to have this deed declared fraudulent.

They did not offer to show (even were this conceded to be competent in this form of action) that the deed to Samuel was fraudulent, in fact, as to them.

The argument made by the plaintiffs' counsel in reply to this objection to their recovery, is, " that it was not necessary, for the reason that the defendants themselves produced two solemn adjudications of the court, declaring it to be void." This argument has no force. The plaintiffs were not parties to the suit in which the decrees were rendered. Those decrees only decided the deed to be fraudulent as to the two creditors of Joseph McCloy, who filed bills for that purpose, .and under whose judgments defendants derive title. It may have been fraudulent as to those two creditors, and not as to the plaintiffs, who, for ought that appears in the present case, may have been subsequent creditors, without any right to complain of the deed from Joseph to Samuel McCloy. *Hook* v. *Mowre*, 17 Iowa, 195, 202.

2. JUDGMENT: *res adjudicata:* fraudulent conveyance.

Certain it· is, that, as between plaintiffs and Samuel McCloy, the legal title is in the latter. That such title is fraudulent as to the plaintiffs has never been established, and this should properly be established in a suit to which the said Samuel and the plaintiffs are parties.

Affirmed.