GEORGE BERKLEY, Plaintiff in Error, *v.* JOHN T. KOBES, Defendant in Error.

### May 1, 1883.

1. PRACTICE — BILL OF EXCEPTIONS. — Motions for new trial not made a part of the bill of exceptions will not be considered on appeal, though they are copied into the transcript.

2. —— In such a case the appellate court will consider only errors which appear on the record proper.

8. —— JURISDICTION. — A Defendant who appeals from the judgment of a justice of the peace thereby submits to the jurisdiction of the circuit court, for all purposes.

ERROR to the St. Louis Circuit Court, LINDLEY, J.
*Reversed and remanded.*
ROBERT W. GOODE, for the plaintiff in error.
W. S. BODLEY, for the defendant in error.

THOMPSON, J., delivered the opinion of the court.

This is a writ of error to reverse a judgment of the circuit court dismissing the cause for want of jurisdiction. There is no bill of exceptions in the record, and hence, although the clerk has copied into the record the motion, yet under a well-settled rule of practice, we cannot look to it for any purpose whatever; but we can only look to those matters which arise upon the record proper. The case was a landlord's summons originally brought before a justice of the peace. In such a case, we understand the record proper to be the justice's transcript, the original papers transmitted therewith to the circuit court, and the final

judgment of the circuit court disposing of the cause. See *Powell* v. *Bevin*, 11 Mo. App. 216. We cannot discover any want of jurisdiction on the face of this record. The action was brought before Justice P. Monahan of the sixth district of the city of St. Louis, and the affidavit recites that the property of which restitution is demanded, is situated in the First Ward of the city of St. Louis. It appears from section 2805 of the Revised Statutes, that the First Ward of the city of St. Louis is situated in the fifth magisterial district of St. Louis; and by comparing section 3 of Article I. of the charter of the city, of which we take judicial notice, with section 2805 of the Revised Statutes, it will appear that the fifth and sixth magisterial districts adjoin each other. It thus appears on the face of the complaint that the suit was brought before a justice having jurisdiction, under section 3098 of the Revised Statutes.

Then it is urged that the record shows that there was no service of summons upon the appellant. There is nothing in this point. It is settled that, by appealing to the circuit court from the judgment which the justice rendered against him, he submitted himself to the jurisdiction of the circuit court for all the purposes of the action. *Gibbs* v. *Missouri Pacific Ry. Co.*, 11 Mo. App. 459; *Blackman* v. *Cowen*, 11 Mo. App. 589 Rev. Stats., sect. 3052.

No want of jurisdiction appearing on the face of the record, the judgment of the circuit court is reversed and the cause remanded. All the judges concur.