BURCHARD VOIGT, Respondent, *v.* OLIVER AVERY, Appellant.

May 15, 1883.

1. FORCIBLE ENTRY AND DETAINER. — Forcible entry and detainer will lie where the plaintiff has been dispossessed by force.

2. —— DEMAND. — No written demand for possession is necessary where the original entry by the defendant was unlawful.

3. —— CHANGE OF VENUE—JUSTICES—WAIVER.—The requirement that, on change of venue, the papers must be sent to the nearest justice is not jurisdictional, and is waived by an appeal.

4. —— Such an irregularity is waived by an appearance to the merits before the justice to whom the papers are sent.

APPEAL from the St. Louis Circuit Court, BOYLE, J.
*Affirmed.*

L. J. SMITH, for the appellant.

M. W. WATSON and LUCIEN EATON, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action of forcible entry and detainer. The plaintiff had a verdict and judgment in the circuit court. The points upon which the appellant relies are : —

1. That the complaint does not state a good cause of action. The complaint is well drawn.

2. That the evidence offered by the plaintiff tended to prove an unlawful detainer, but not a forcible detainer. This is not so. The evidence is, that the plaintiff recovered the premises in an action of ejectment, and was put in possession, through his agent, by the sheriff, under a writ of restitution. A few days afterwards the defendant succeeded in effecting an entry into the house, and in resuming possession by force and without the consent of the plaintiff. The defendant's counsel says he was in " by disseisin." That is true ; and therefore the plaintiff had a right to resort to this remedy in order to get him out. *Krank* v. *Nichols,* 6 Mo. App. 72.

3. That no demand in writing was made upon the bringing of the suit. No demand is necessary where the original entry is unlawful. *Silvey* v. *Summer,* 61 Mo. 253; *DeGraw* v. *Prior,* 53 Mo. 313.

4. That the justice to whom the case was sent by change of venue had no jurisdiction, because he was not "the next nearest justice." The general statute defining the jurisdiction of justices of the peace provides that " every

justice of the peace shall have jurisdiction co-extensive with the county for which he shall be elected or appointed." Rev. Stats., sect. 2838. The statute relating to forcible entry and detainer, under which this action was brought, likewise provides that "forcible entries and detainers and unlawful detainers shall be cognizable before any justice of the peace of the county in which they are committed." Rev. Stats., sect. 2422. By section 3126 of the Revised Statutes it is provided that "whenever the word 'county' is used in any law, general in its character to the whole state, the same shall be construed to include the city of St. Louis, unless such construction be inconsistent with the evident intent of such law, or of some law specially applicable to such city." The statute relating to changes of venue in actions before justices of the peace is as follows : "Upon the filing of the affidavit in due time, the justice must allow the change of venue and note the fact in his docket, and immediately transmit all the original papers, and a transcript of all his docket entries in the case to the next nearest justice in the township, or if the change be allowed, on account of the bias or prejudice of the inhanitants of the township, then to a justice in some other township in the county." Rev. Stats., sect. 2953. In the light of these statutes, how can it be said that the justice to whom the cause was sent had no jurisdiction? The suit was commenced in the city of St. Louis, within and for which he was a justice, and his general statutory jurisdiction, and his special jurisdiction in actions of forcible entry and detainer, were, by the express terms of the statutes, co-extensive with the city. If he was not the "next nearest justice" to the one from whom the change of venue was taken, it was at most an irregularity which did not go to his jurisdiction. Such an irregularity is waived by taking an appeal to the circuit court. *Berkley* v. *Kobes*, 13 Mo. App. 502, and cases there cited.

These decisions show that there is no such jurisdictional

defect in the sending of the papers to a justice, other than the next nearest justice, as may not be waived by the parties. In this case the change· of venue was taken by the defendant, who now complains of the jurisdiction of the justice to whom it was taken. He appeared twice before this justice and submitted to the jurisdiction without any objection, so far as the justice's transcript shows, and two trials were there had ; and, so far as appears, he made the objection to the jurisdiction in the circuit court for the first time.

The justice's transcript does not show the grounds on which the change of venue was taken, and the affidavit on which it was granted does not appear in the record. For aught that appears, it may have been on the ground of the bias or of the prejudice of the inhabitants of the ward in which the suit was brought. If this was the ground, then the justice was not obliged, by the terms of the statute, to transmit the papers to the next nearest justice. Rev. Stats., sect. 2953. Even if the question of jurisdiction were at all involved, we should not presume, for the purpose of ousting the jurisdiction that grounds were not laid in the affidavit for the change of venue which warranted the justice, in compliance with the statute, in transmitting the papers to the justice to whom he did transmit them. Under our statutes the jurisdiction of justices of the peace has become so extensive and important that it may be doubted whether the rule that these courts are bound to certify everything precisely which relates to their jurisdiction applies in its ancient strictness. *Wright* v. *Hazen,* 24 Vt. 143; *Ex parte Boland,* 11 Texas App. 159, 169. But however this may be, it is clear of doubt that the requirement· that, on a change of venue from one justice to another, the papers are to be sent to the next nearest justice, except where the change is granted on the ground of the bias or prejudice of the inhabitants of the township in which the suit is commenced, does not relate to a matter which is jurisdictional.

It is an irregularity which may be waived. It is "an error, defect, or imperfection" in the "proceedings of the justice," such as, on an appeal, the circuit court is expressly commanded by the statute to disregard. Rev. Stats., sect. 3062. We should not have said this much upon this point but for the fact that here the appeal to the circuit court was taken by the plaintiff, and therefore the case is distinguishable from that of *Berkley* v. *Kobes*, 13 Mo. App. 502, and other cases there referred to, where the defendant, by appealing to the circuit court, was held to have waived this objection.

It thus appears that none of the grounds upon which we are asked to reverse the judgment is well taken. The judgment is accordingly affirmed. All the judges concur.