# CHARLESTON.

## STOCKTON v. COPELAND.

Submitted January 17, 1888.—Decided February 4, 1888.

ABATEMENT AND REVIVAL—DEATH OF DEFENDANT—DISMISSAL OF ACTION—EFFECT TO BAR ACTION—EJECTMENT—INSTRUCTIONS.

An action of ejectment was brought in 1848, on the demise of *S.* against *C.*, to recover the possession of 2,300 acres of land. In 1870, S. died, and the cause was revived in the name of his heirs. In

August, 1872, C., having died, his death was suggested on the record, and a *scire facias* was awarded to revive the cause against his "heirs," none of whom were named, but no *scire facias* ever issued, and the cause was never revived, nor were any of the heirs of C. ever made parties to the suit, nor did they ever appear therein. On the 19th of November, 1872, the court entered therein the following judgment, which was never reversed or set aside : "For reasons appearing to the court, and by consent of parties, this cause is dismissed agreed." In 1879 the heirs of S., to recover the same land, brought an action of ejectment against the heirs of C., who relied upon said judgment as a bar to the plaintiffs' recovery in their new action ; and, the Circuit Court having so instructed the jury, there was judgment for the defendants. Upon a writ of error, *held :* (1) That the Circuit Court erred in so instructing the jury ; (2) that the action of ejectment brought in 1848 abated in August, 1872, upon the death of C., who was the sole defendant therein ; (3) that as said action was never revived against the heirs of C., and none of them were ever made parties thereto, or appeared therein, they were never in any manner bound by said judgment, and, as a consequence thereof, the heirs of S., who were the plaintiffs in the new action of ejectment, were not bound thereby to any other or greater extent than to disable themselves from proceeding further in said first action ; (4) that the said judgment operated as a simple dismissal of said action, and can not operate as a bar to a recovery in said new action for the recovery of the same land.

Statement of the case by WOODS, JUDGE:

This was an action of ejectment brought by Charles Stockton and others, as the heirs of Aaron Stockton, deceased, against Evermont W. Copeland, Malloy M. Copeland, and Octavia Copeland, as the heirs of Hezekiah B. Copeland, deceased, for the recovery of a tract of 2,300 acres of land which the plaintiff claimed in fee. The declaration and notice, having been duly served upon the defendants, were filed in the Circuit Court of Fayette county, wherein the land lay, on the 1st day of September, 1879, and the usual rule to plead entered. On the 3d of September, 1879, the defendants appeared, and pleaded not guilty, on which issue was joined. The cause was continued from time to time until the 24th of September, 1881, when a trial was had which resulted in a judgment in favor of the defendants. This judgment was afterwards reversed by this Court, and

the cause remanded for further proceedings. 23 W. Va. 696.

After the cause went back, the defendants on the 19th of May, 1886, by an order entered therein, disclaimed all right, title, or interest in and to a certain portion of the land in the plaintiffs' declaration mentioned. The cause was afterwards tried by a jury, and after the plaintiffs had rested their case, the defendants, to maintain the issue on their part, among other proofs, offered and read in evidence to the jury the record of the proceedings in an action of ejectment in Fayette county, commenced on the —————— day of May, 1848, wherein John Doe, on the demise of Aaron Stockton, was plaintiff, and Hezekiah B. Copeland, in the room of Richard Roe, the casual ejector, was defendant, for the recovery of the possession of his term yet to come in said tract of 2,300 acres of land, accompanied with proof that the plaintiffs in this suit are the heirs of said Aaron Stockton, and that the defendants are the heirs of the said Hezekiah B. Copeland. It appeared by the said record that said action of ejectment was continued from time to time until the 25th of August, 1870, when the death of the lessor of the plaintiff was suggested on the record, and that on the 27th day of May, 1871, the cause was revived in the name of his heirs. The cause was then continued until the 22d of August, 1872, when the following order was entered: "It being suggested to the court that Hezekiah B. Copeland, the defendant, has departed this life, it is ordered that the same be suggested on the record, and scire facias be awarded against the heirs of the defendant to show cause, if any they can, why this cause shall not be revived against them."

At a term of the Circuit Court held for said county on the 18th of November, 1872, the following order was entered in said cause : " The foregoing cause is continued generally." And on the 19th day of November, 1872, the following order was entered in the cause : "For reasons appearing to the court, and by consent of parties, this cause is dismissed agreed." No other order in the cause was afterwards made ; nor does it appear by said record who were the heirs of said H. B. Copeland, or that any scire facias to revive the cause against any person was ever issued, executed, or returned, or that the cause was ever revived against any person.

Before the jury retired, the defendants asked the court to give to the jury the following instruction: " If the jury believe from the evidence that the land in controversy in this suit is the same that was involved in the suit of eject‑ ment, formerly pending in this Court, brought by *John Doe* v. *Richard Doe*, and afterwards prosecuted in the. name of *Aaron Stockton* v. *H. B. Copeland*, and after Aaron Stockton's death revived in the name of his heirs, the plaintiffs in this suit, and that the plaintiffs in this suit are the heirs at law of Aaron Stockton, and that the defendants in this suit are the heirs of H. B. Copeland, and that the plaintiffs claim title to said land under the same title that they and their ancestors claimed under in the said former action, the court instructs the jury that the order made in the said former case on the 19th day of November, 1872, by which the said case, for reasons ap‑ pearing to the court, and by consent of parties, was dis‑ missed agreed, together with the judgment of this court on said cause rendered on the 6th day of September, 1879, by which judgment the court refused to revive and re‑ docket the same, constitute a bar to the plaintiffs' right to recover in this suit; to the giving of which instruction the plaintiffs, by their counsel, objected, which objections, being argued by counsel and considered by the court, are overruled, and the instruction given and read to the jury,"—to the giving of which instruction the plaintiffs excepted; whereupon the jury returned the following ver‑ dict: " We, the jury, find for the defendant the seven hundred and eighteen acres of land described on map and plat marked 'Verdict Map,' and included in the yellow and red lines styled the 'interlock 718 acres;' the defendants having dis‑ claimed as to all the other lands claimed by plaintiffs in their declaration; and we find the defendants have an estate in fee in the 718 acres found for them."

The plaintiffs moved to set this verdict aside, which motion was overruled. They then moved in arrest of judgment, which motion was also overruled. To these rulings of the court the plaintiffs again excepted, and their exceptions were saved to them by a proper bill of exceptions, and thereupon the court entered a general judgment upon the verdict in fa‑

vor of the defendants. Upon petition of the plaintiffs a writ of error and *supersedeas* was allowed to said judgment.

*S. A. Miller* and *J. F. Brown* for plaintiffs in error.

*J. N. Payne* and *J. W. Davis* for defendants in error.

Woods, Judge :

Four grounds of error are alleged by the plaintiffs in error, all of which are included in the general proposition that the court erred in giving said instruction to the jury ; and the only question for our consideration is whether this instruction correctly propounded the law arising upon the order of dismissal entered in said first action of ejectment on the 19th of November, 1872. The contention of the plaintiffs in error is that said order of dismissal "agreed" amounted to nothing more than a nonsuit suffered, or a simple order of dismissal made by them upon their own motion; that the sole defendant having died, the action had abated by his death, and not having been revived, there were no defendants before the court, and therefore no consent-order could be entered in the cause; and that if such order had been properly made by consent of defendants before the court, yet the plaintiffs would not be thereby barred from maintaining their present action ; for such order of dismissal, if so made, could not in that action affect the plaintiffs' right to any greater extent than would a verdict and judgment therein, in favor of the defendants ; for, as the law then stood, the plaintiffs could immediately have brought a new action of ejectment against the same defendants for the recovery of the same land. The contention of the defendants in error is that the order of dismissal "agreed" was in contemplation of law not only a dismissal of the action, but was a total abandonment of all such rights as the plaintiffs had in or to the lands in controversy ; that such dismissal was a complete bar to the prosecution of any subsequent action between the same parties for the same land.

We will first consider what was the legal *status* of the case of *John Doe on the demise of Aaron Stockton* v. *H. B. Copeland,* on the 19th of November, 1872, when this order of dis-

missal "agreed" was entered. It is not pretended that any other agreement was entered into between the parties to said action than what the law will imply from the terms of the order itself, speaking from the condition of the record as it then appeared; for what did not then thereby appear, in contemplation of law did not exist, and, as a consequence thereof, the court could not know what did not so appear. If, then, there was in fact any such agreement made as that mentioned in said order of dismissal, it could only have been made between the parties in said action, who, by the record, were then before the court, capable of entering into an agreement. It is elementary law that to constitute a valid agreement it is essential that there shall not only be a good and sufficient consideration and something to be contracted for, there must be a person able to contract and a person able to be contracted with; and without such contracting parties there can be no agreement, for without them there could be no reciprocal or mutual assent. 1 Chit. Cont. 11; Comyn. Cont. 2. At common-law, the death of either party pending the action (if there be but one on that side) abates it, but it is admissible to revive it if it were originally maintained by or against the personal representative, if it be a personal action, and if a real or mixed action, by or against the heir or devisee. *Davis* v. *Teays,* 3 Grat. 290; *Ruffners* v *Lewis,* 7 Leigh 742; Bac. Abr. "Abatement," F; 4 Minor, Inst. pt. 1, p. 793.

Ch. 127, § 2 Code, provides: " If a plaintiff or defendant die pending any action, whether the cause of action would survive at common-law or not, the same may be revived and prosecuted to judgment and execution in the same manner as if it were for a cause of action arising out of contract." And by section 4 of the same chapter it is further declared that "in any stage of any case a *scire facias* may be sued out for or against * * * the heirs or devisees of a decedent who was a party. Or where the party dying * * * is plaintiff or appellant, the person or persons for whom such *scire facias* might be sued out, may, without notice or *scire facias,* move that the suit proceed in his or their name. In the former case, after service of the *scire facias,* or in the latter case, on such motion, if no sufficient cause be shown

against it, an order shall be entered that the suit proceed according to such *scire facias* or motion."

In the case of the death of a defendant, the cause can only be revived against his personal representative, heirs, or devisees by *scire facias;* for when a new defendant is to be brought into a suit it can only be done by the consent of such party, or by *scire facias*, as the right to revive by motion is confined by the statute, where the party who has died was plaintiff or appellant.

The cause is not revived by order of the court directing a *scire facias* to be issued for that purpose, nor yet by the return of the *scire facias* executed upon the parties named therein, but by the order of the clerk entered at rules, or of the court entered in term by the consent of such parties, or upon the return of the *scire facias*, that the case proceed in the name of the proper parties.

It is apparent, therefore, that a *scire facias* which failed to set out the names of the new parties to be brought into the suit would be utterly futile, as the same could never be executed. The action having abated by the death of the only defendant, no further proceeding therein could be taken. which could in any manner affect the rights of his heirs until they had been made defendants in the suit. As the plaintiff may elect to abandon his suit by neglecting to revive the same, so he is at liberty to dismiss the same on his own motion, at his pleasure, so long as there is no defendant in the cause to contest his right to do so. When the sole defendant died, the plaintiffs' action died with him. Having the right to revive the same, against his heirs, they were not compelled to do so, and not having revived the same, their action continues dead.

In this cause the death of Hezekiah B. Copeland was suggested on the record on the 22d of August, 1872, and on that day it appeared to the court that the plaintiffs' action abated, as the record shows, by awarding a *scire facias* "against the heirs of said defendant to show cause, if any they can, why this cause shall not be revived against them." No such *scire facias* issued, and, so far as the record shows, no person ever afterwards appeared as or was made defendant in the action. In this state of the case, no order or judgment made or rendered therein could in any manner affect or im-

pair the rights of the heirs of Copeland to the land in controversy, nor could they in any manner be bound by such order or judgment, not being parties to the suit, and therefore the heirs of said Copeland were not bound by said order of dismissal "agreed" entered in the action on the 19th of November, 1872; for, not being parties to said action, they are not bound by the recital in said judgment, that, "for reasons appearing to the court, and by consent of parties, this cause is dismissed ' agreed.' " If, therefore, the defendants in this cause were not bound by the said judgment, and according to the terms thereof, it follows as a necessary consequence that the plaintiffs are not in any manner bound thereby; for it is a general rule that no party is bound in a subsequent proceeding by a judgment unless the adverse party, seeking to secure the benefit of the former adjudication, would have been prejudiced by it if it had been determined the other way. Both litigants must be alike concluded, or the proceeding can not be set up as conclusive upon either. Bigelow, Estop. 25; Freem. Judgm., § 159; *Petrie* v. *Nuttall*, 11 Exch. 569; *White* v. *Hazen*, 24 Vt. 143; *Edwards* v. *McCurdy*, 13 Ill. 496; *Simpson* v. *Pearson*, 31 Ind. 1; *Griswold* v. *Jackson*, 2 Edw. Ch. 461; *Bradford* v. *Bradford*, 5 Conn. 127; 1 Greenl. Ev., § 524; *Huntington* v. *Jewett*, 25 Ia. 249.

But the counsel for the defendants in error endeavor to evade the force of these well-established rules by insisting that because the judgment recites that it was entered by consent of parties it should be presumed that the defendants must have appeared, and that if it is not a legal presumption that the defendants to the *scire facias* appeared, then it may be treated as a judgment in favor of the dead man, H. B. Copeland, and therefore, not void, but only voidable, which can not be questioned collaterally in another suit.

To this argument it may be replied that we are not at liberty to presume that any proceeding was had in a cause which does not appear by the record, or that a judgment was rendered against a man, who, the record shows, was dead at that time, or that the defendants to the *scire facias* appeared, when it does not appear that any *scire facias* ever issued, or if it did, that any of these defendants were named therein. Neither are we authorized to presume that these defendants appeared

86

because the judgment recited that it was entered "by consent of parties." While it is true that when the record recites a jurisdictional fact, such recital is *prima facie* evidence in support of the judgment, yet where the record recites in general terms the appearance of the parties, such appearance will be confined to those who have been served with process. *Miller* v. *Ewing*, 8 Sme. & M. 421; *Dean* v. *McKinstry*, 2 Sme. & M. 213; *Torry* v. *Jordan*, 4 How. (Miss.) 401; *Puckett* v. *Pope*, 3 Ala. 552; *Hubbard* v. *Dubois*, 37 Vt. 94; *Boyd* v. *Bayham*, 5 Humph. 386; Freem. Judgm., § 155.

As the record evidence introduced by the defendants clearly shows that at the time the judgment of dismissal "agreed" was entered, Hezekiah B. Copeland, the sole defendant in said first action of ejectment, was dead; that the action had thereby abated; and that the same had never been revived,—we are of opinion that the defendants in this suit, not having been parties to said first action of ejectment, were never in any manner bound by said judgment, and as a consequence thereof, that the plaintiffs were never bound thereby to any other or greater extent than that they had disabled themselves from proceeding further in said action, and that said judgment must be considered as a dismissal of the plantiffs' action upon their own motion, and therefore does not operate as a bar to the plaintiffs' present action; and that for these reasons the Circuit Court erred in giving to the jury the instruction asked by the defendants.

Having reached this conclusion, it is unnecessary to express any opinion as to the construction which should be placed upon the term "dismissed agreed," occurring in a judgment in a case wherein all the parties to be affected thereby were properly before the court; for no such case is presented by this record; nor is it necessary to consider or determine what effect should now be given to a judgment rendered in 1872, in an action of ejectment instituted before the Code of Virginia of 1849 took effect, for in the case under consideration no judgment touching the merits of the case was entered therein.

For these reasons the judgment of the Circuit Court rendered herein on the 25th day of May, 1886, must be reversed, with costs, the verdict of the jury set aside, and a new trial

awarded, the costs of which shall abide the final trial of the suit, and the cause remanded to the Circuit Court for a new trial.

REVERSED.   REMANDED.