CHESTER GENTRY

*v.*

CHARLES FARRUGGIA

(CC 748)

Submitted April 12, 1949. Decided June 1, 1949.

*Fletcher W. Mann,* for plaintiff.

*Joseph Luchini, Scherer, Bowers & File,* for defendant.

KENNA, JUDGE:

This action of trespass on the case was brought in the Circuit Court of Raleigh County by Charles Gentry against Charles Farruggia seeking to recover damages for personal injuries suffered by the plaintiff when a taxicab owned by Joe Bengey and driven by the plaintiff collided with a truck owned and operated by the defendant in Fayette County on January 7, 1948. After the filing of an amended declaration the defendant filed a special plea alleging that at the May term, 1948, of the Circuit Court of Raleigh County a verdict was returned and judgment entered in his favor in an action of trespass on the case brought by Joe Bengey against him, in which Bengey sought to recover for property damage to the vehicle owned by him and damaged in the same collision. The plea alleged that Chester Gentry, as the agent, servant and employee of Joe Bengey, was driving the taxicab at the time and place of the same collision alleged by the plaintiff here to have given rise to his right of action and alleged by Bengey in the former action as ground for his recovery.

The plea concludes with the allegation that the facts in issue in this action were determined by the jury and the court in the former action and therefore the defendant prays judgment. The Circuit Court of Raleigh County sustained the plea and, of its own motion, certified to this Court the following question:

"Is the final judgment in favor of the defendant in the case of Joe Bengey vs. Charles Farruggia heretofore rendered in the Circuit Court

of Raleigh County a bar to the right of the plaintiff in this case to maintain this action."

The question presented rests upon the doctrine known as that of *res judicata,* spoken of as follows in 30 Am. Jur. at page 908:

> "Briefly stated, the doctrine of res judicata is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."

The doctrine includes issues of law and fact that actually were raised and decided in the former case and also such questions as, under certain circumstances, could have been decided there. The principle is based upon a recognized public policy to quiet litigation. It is not rigidly enforced where to do so would plainly defeat the ends of Justice.

Of course in this instance the parties are not identical, Bengey having been the sole plaintiff in the other proceeding and Gentry the sole plaintiff here, so that our inquiry is whether there existed a privity of interest as between them, so that a judgment for or against one would be conclusive of the interests of the other growing out of the same occurrence. We think not. It is true that Gentry testified in the former case, but his participation went no further. He exercised no control over its conduct.

The rights of Gentry and Bengey are entirely separate and distinct. Neither could assert them in whole or in part for or in the name of the other. Such rights as they had were in no degree held in common. Bengey's cause of action was for property damage to which a five year litigation applied. Gentry's is for personal injuries, barred in one year. Bengey's survives: Gentry's does not. *Elder v. N. Y.*

& P. *Motor Express,* 284 N. Y. 350, 31 N. E. 2d 188, 133 A. L. R. 176; *Pesce v. Brecher,* 302 Mass. 211, 19 N. E. 2d 36.

Not only are their rights of action separate, but the subject matter thereof is entirely different. The relationship of principal and agent as between Bengey and Gentry is admitted, but that relationship of itself does not create privity of interest. 30 Am. Jur. 976. That privity is based upon a common material interest in the litigated subject matter. It is plain that a rule which would rest privity of interest on the mere relationship of principal and agent would tempt collusion. For instance, an automobile collision results in injury to a master's machine amounting to $100.00 and in his servant losing an arm. The master sues the owner of the other car, whom, for various reasons, he wishes to protect against suit by his servant, and, due to the intentional omission of evidence, there is a verdict in favor of the defendant. Should the principle of *res judicata* afford him that opportunity? Of course, if the full facts were known the principle of *res judicata* could not be invoked, but the proof of fraud is highly elusive, and to have to set aside one judgment in order to have a clear field in the struggle for another would be practically prohibitive. Furthermore, we are of the opinion that the plea fails because the alleged circumstances preclude the idea of mutuality which is a necessary element of the doctrine sought to be applied. *Elder v. N. Y. & P. Motor Express,* 284 N. Y. 350, 31 N. E. 2d 188, 133 A. L. R. 176 and annotation. *Res judicata* works both ways or not at all. If the judgment in the first action against Farruggia had resulted in a judgment in the plaintiff's favor, would this plaintiff now have a fixed right to also recover against Farruggia? Would this plaintiff be entitled to a judgment based upon the mere proof of the former recovery? We think not. "Both litigants must be alike concluded, or the proceeding can not be set up as conclusive upon either. Bigelow, Estop. 25; Freem. Judgm., §159; *Petrie v. Nuttall,* 11 Exch. 569; *White v. Hazen,* 24 Vt. 143; *Edwards v. McCurdy,* 13 Ill. 496; *Simpson v. Pearson,* 31 Ind. 1;

*Griswold v. Jackson,* 2 Edw. Ch. 461; *Bradford v. Brad-ford,* 5 Conn. 127; 1 Greenl. Ev., Sec. 524; *Huntington v. Jewett,* 25 Ia. 249." *Stockton v. Copeland,* 30 W. Va. 674, 681, 5 S. E. 143. It could be said, of course, that a former judgment in favor of a plaintiff could vest in another plaintiff who sought damages for the same happening a right to recover, but did not determine the quantum of damages, which would have to go to a jury. Such a rule, we believe, would accomplish little and, furthermore, would contribute nothing to the achievement of the purpose of the rule of *res judicata,* which is to conclude litigation.

We of course realize the divergent views of the doctrine of *res judicata* expressed in opinions of the decided cases, particularly those discussing derivative rights and responsibilities arising in relationships such as principal and agent, as dispensing with the requirement of privity. See the annotation to *Good Health Dairy Products Corp. v. Emery,* 275 N. Y. 14, 9 N. E. 2d 758, 112 A. L. R. 401. Of course this plaintiff is not asserting derivative rights, although his principal in the former litigation was. To fully review the authorities we fear would be of little benefit. In our opinion many of them are not sufficiently impressed with the right of a litigant to his day in court.

Based upon the foregoing discussion the order of the Circuit Court of Raleigh County is reversed and the certified question accordingly answered.

*Reversed.*