**FILED**

**September 30, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.L.-1 and E.L.**

**No. 21-0848** (Tucker County 19-JA-21 and 19-JA-22)

**MEMORANDUM DECISION**

This case is back before this Court after we remanded it to the Circuit Court of Tucker County with directions to hold an adjudicatory hearing on the allegations that Petitioner J.L.-2 abused and neglected his children, J.L.-1 and E.L.[1]  Following adjudication, the circuit court terminated Petitioner's parental rights on September 14, 2021.  Petitioner now appeals that order and argues that the circuit court violated the doctrine of res judicata by adjudicating him based on allegations of domestic violence that it had previously heard, but had not relied upon, in the prior adjudication.  The West Virginia Department of Health and Human Resources and the children's guardian ad litem contend that res judicata does not apply and request that we affirm the circuit court's order.[2]

The main issue before this Court is whether the doctrine of res judicata, first raised by Petitioner after we remanded the case, has the effect of barring adjudication on the issue of domestic violence.  As explained below, we find that it does not because Petitioner waived this affirmative defense when he did not raise it earlier in this proceeding, and the elements of res judicata were not met.  This case presents no substantial question of law and no prejudicial error.  A memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

---

[1] *See In re J.L.*, No. 20-0168, 2020 WL 6482940 (W. Va. Nov. 4, 2020) (memorandum decision).  Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case.  *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015).  Because one of the children and Petitioner share the same initials, we will refer to them as J.L.-1 and J.L.-2, respectively, throughout this decision.

[2] Petitioner is represented by counsel Timothy V. Gentilozzi.  The DHHR is represented by counsel Lindsay S. See and Lee Niezgoda.  The children's guardian is Heather M. Weese.

1

In our previous decision, we detailed the protracted procedural history of this case.[3] We noted that the DHHR filed a prior abuse and neglect petition in May 2019, where it alleged that Petitioner and his girlfriend exposed the children to substance abuse and domestic violence, and also failed to properly supervise them. The circuit court ordered Petitioner to participate in drug screening, but he failed to fully comply; when he would drug screen, he tested positive for methamphetamine. Even so, that case was ultimately dismissed at the adjudicatory phase in July 2019. After hearing the testimony of Petitioner's girlfriend and the children's mother, the court found that the DHHR had not proven the allegations against Petitioner by clear and convincing evidence. The DHHR and guardian objected to the court's ruling, but the court returned the children to Petitioner's custody.

In August 2019, the DHHR filed a new petition alleging many of the same conditions as in the first petition, including that Petitioner subjected the children to domestic violence in the home, as well as mental and emotional abuse. It stated that Petitioner tested positive for methamphetamine on at least four occasions during the prior proceeding. In September 2019, the court adjudicated Petitioner as an abusing and neglecting parent on the basis of his drug abuse. He was granted an improvement period.

The circuit court held a dispositional hearing in December 2019 and in January 2020, terminated Petitioner's parental rights. Petitioner appealed, and this Court found that the court erred when it adjudicated Petitioner based on drug abuse while the children were not in his custody. We vacated the court's dispositional order and remanded the matter for the holding of an adjudicatory hearing on the allegations of abuse and neglect.[4]

In July 2021, the circuit court held an adjudicatory hearing as directed by this Court. Petitioner objected to the court considering any evidence regarding the allegations of domestic violence as the court had previously declined to adjudicate him on that basis. He claimed that consideration of that evidence violated the doctrine of res judicata. The DHHR responded that it was appropriate for the court to consider all allegations against Petitioner because this Court did not specifically exclude the presentation of any evidence on remand. The circuit court overruled Petitioner's objection.

The DHHR presented the testimony of a Child Protective Service worker, Petitioner's girlfriend, and the Director of Tucker County Community Corrections. The CPS worker testified regarding allegations of domestic violence between Petitioner and his girlfriend. Specifically, around the filing of the initial petition, Petitioner's girlfriend's

---

[3] *Id*. at *2-3.

[4] *Id*. at *5.

daughter alleged that Petitioner choked her and hit her with a cup while she was trying to protect her mother from Petitioner. According to the worker, Petitioner's children were present in the home during this altercation, although they were in their bedroom at the time.

Petitioner's girlfriend testified that, during one incident of domestic violence, she called the police, and Petitioner was charged with domestic violence and arrested. She later dropped the charges. The DHHR introduced a police report, which indicated that Petitioner put his arm on his girlfriend's neck and pushed her down. Petitioner's children were present in the home during that incident. Petitioner's girlfriend denied that she or Petitioner had used methamphetamine before the children were removed as a result of the second petition in August 2019, and further denied that she was addicted to methamphetamine—despite her incarceration on a supervised release violation for the use of methamphetamine.

The Director of Tucker County Community Corrections testified that Petitioner was ordered to drug screen on the day of the initial removal of his children in May 2019, but he refused to submit to testing. The Director stated that in June and July 2019, Petitioner tested positive for methamphetamine and amphetamine, while the children were in the DHHR's custody. The Director also testified that he had monitored Petitioner's girlfriend's supervised release for approximately a year and that, despite her claims that she was not addicted to methamphetamine, she had failed multiple drug screens for that substance.

Petitioner testified and denied any methamphetamine use prior to his children's initial removal in May 2019. He admitted to abusing methamphetamine in June and July 2019 but denied any use while the children were in his custody. As to the allegations of domestic violence, Petitioner testified that the charges against him were dismissed and that he was never convicted. He also claimed that he could not remember exactly what happened but accused his girlfriend's child of being the aggressor in the situation and claimed he was "defending" himself against the teenage girl.

Following Petitioner's testimony, the circuit court took a recess and ordered Petitioner to submit to a hair follicle test. The court was advised that Petitioner tested positive for methamphetamine and amphetamine use within the previous ninety days. Ultimately, the court determined that Petitioner's testimony was not credible. The court further found that domestic violence occurred in the home between Petitioner, his girlfriend, and her child in the presence of Petitioner's children. The court adjudicated Petitioner as an abusing and neglecting parent.

In August 2021, the circuit court held a dispositional hearing and took judicial notice of the testimony presented at the adjudicatory hearing. In support of its motion to terminate Petitioner's parental rights, the DHHR presented the testimony of a case manager with Tucker County Community Corrections and a CPS worker. Petitioner testified on his own behalf. The court denied Petitioner's motion for a post-adjudicatory improvement period

3

and terminated his parental rights. The court incorporated its findings from the adjudicatory hearing, and also found that Petitioner failed to cooperate with any services during the prior proceedings. It noted that the children, now ages sixteen and twelve, have expressed a strong desire to not return to Petitioner's home. The court found that Petitioner "has continuously lied to this [c]ourt, continues to deny that any domestic violence occurred in his home, and to deny that his actions were in any way abusive or neglectful." It found that Petitioner "wholly avoided taking any responsibility for his actions in this matter, making any further improvement period an exercise in futility at the children's expense." It also found that there was no reasonable likelihood that Petitioner could correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for the children's welfare. Petitioner appeals the September 14, 2021 dispositional order terminating his parental rights.[5]

In his sole assignment of error, Petitioner argues that the circuit court violated the doctrine of res judicata by considering evidence of domestic violence at the adjudicatory hearing held on remand from this Court. This argument presents a question of law that we review de novo.[6]

The doctrine of res judicata bars relitigation of a claim or issue previously resolved in another suit.[7] Res judicata "generally applies if the cause of action identified for resolution in the subsequent proceeding is identical to the cause of action determined in the prior action, or could have been raised and determined in the prior action."[8]

---

[5] The permanency plan for the children is adoption by their grandmother.

[6] "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

[7] *See* Syl. Pt. 4, *Blake v. Charleston Area Med. Ctr., Inc.,* 201 W. Va. 469, 498 S.E.2d 41 (1997) ("Before the prosecution of a lawsuit may be barred on the basis of *res judicata,* three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.").

[8] *In re B.C.*, 233 W. Va. 130, 138, 755 S.E.2d 664, 672 (2014) (quotation marks and citation omitted).

Petitioner argues that the circuit court violated the doctrine of res judicata by holding a third adjudicatory hearing and reversing its previous two findings that no clear and convincing evidence of domestic violence existed. The DHHR and the guardian respond that on remand the circuit court heard additional evidence regarding both domestic violence and drug abuse, and the effects of those conditions on the children. They claim that the two proceedings were not identical because at the adjudicatory hearing held on the first petition, the court did not permit a full presentation of evidence when it abruptly concluded the hearing and dismissed the case. The DHHR also contends that Petitioner waived the issue of res judicata when he did not raise it earlier.

We find that Petitioner is not entitled to relief. First, Petitioner clearly waived the issue of res judicata when he did not raise it at the second adjudicatory hearing in September 2019 or in his first appeal to this Court. Res judicata does not apply automatically; it is an affirmative defense which must be raised early in the life of a case or it is waived.[9] Otherwise, the point of the doctrine—namely shielding parties from vexatious litigation and freeing judicial resources—is not achieved.[10] Second, even though Petitioner's brief does not include citations to the record to support a finding of res judicata,[11] we can discern from our previous decision that the causes of action were not identical and the elements of res judicata were not met.[12] New allegations were raised in the amended petition—including conduct that occurred up to and including the second adjudicatory hearing.

We take this opportunity to emphasize that the doctrine of res judicata "must give way when [its] mechanical application would frustrate other social policies based on values equally or more important than the convenience afforded by finality in legal

---

[9] *See Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 557 n.23, 803 S.E.2d 519, 527 n.23 (2017).

[10] *See Mitchell v. Gales*, 61 A.3d 678, 687 (D.C. Ct. App. 2013).

[11] Petitioner's brief does not comply with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, as he has failed to provide a single citation to the appendix record. This Rule requires, in relevant part, that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." And the appendix record fails to support Petitioner's claims of res judicata.

[12] *See* note 7 above.

controversies."[13] This Court will "not rigidly enforce [this doctrine] where to do so would plainly defeat the ends of Justice."[14]

When this Court remanded the matter with instructions for the circuit court to hold an adjudicatory hearing regarding the allegations of abuse and neglect against Petitioner, it was bound by that mandate, both in letter and in spirit.[15] Because we instructed the court to consider the allegations of abuse and neglect against Petitioner, which included evidence of domestic violence, it was bound to comply with our instruction. For these reasons, we affirm the court's dispositional order.

Affirmed.

**ISSUED**: September 30, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[13] *Wheeler v. Beachcroft, LLC*, 129 A.3d 677, 686 (Conn. 2016) (quotation marks and citation omitted).

[14] *Blake*, 201 W. Va. at 478, 498 S.E.2d at 50 (quoting *Gentry v. Farruggia,* 132 W. Va. 809, 811, 53 S.E.2d 741, 742 (1949)).

[15] *See* Syl. Pt. 3, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W. Va. 802, 591 S.E.2d 728 (2003) ("Upon remand of a case for further proceedings after a decision by this Court, the circuit court must proceed in accordance with the mandate and the law of the case as established on appeal. The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces.").